932 A.2d 111 (2007)
COMMONWEALTH of Pennsylvania, Appellee
v.
C.M.K., Appellant.
Commonwealth of Pennsylvania, Appellee
v.
M.W.K., Appellant.
Superior Court of Pennsylvania.
Submitted April 9, 2007.
Filed July 31, 2007.
Reargument Denied October 11, 2007.
*112 Philip M. Masorti, State College, for appellants.
Mark S. Smith, Assistant District Attorney, Bellefonte, for Commonwealth, appellee.
BEFORE: FORD ELLIOTT, P.J., TODD AND COLVILLE[*], JJ.
OPINION BY COLVILLE, J.:
¶ 1 This is an appeal from the judgments of sentence imposed on Appellants C.M.K. and M.W.K. following their convictions, at a jury trial, of various offenses related to their physical abuse of their child. M.W.K. was convicted of endangering the welfare of a child ("EWOC") and ten counts of simple assault. C.M.K. was convicted of EWOC and two counts of simple assault. Both C.M.K. and M.W.K. filed notices of appeal from their respective judgments of sentence. Their direct appeals were subsequently consolidated; this Court vacated the judgments of sentence and remanded for consideration of a Pa. R.Crim.P. 607 motion challenging the weight of the evidence.
¶ 2 Following a hearing, the trial court denied that motion. Appellants were again sentenced in orders dated May 26, 2006, and filed June 6, 2006. M.W.K. received a sentence of 3 to 23½ months' incarceration on the EWOC count; on each simple assault count, M.W.K. received 1 to 23½ months' incarceration. The simple assault sentences were imposed concurrently to the EWOC sentence. C.M.K. was sentenced to 1 to 23½ months' incarceration on the EWOC count; on the simple assault counts, she was sentenced to 1 to 12 months' incarceration, to be served concurrently to the EWOC sentence.[1]
¶ 3 On June 23, 2006, Appellants filed one joint notice of appeal from their judgments of sentence. This joint notice was improper. Appellants were codefendants at trial, but were convicted individually of different charges and sentenced individually to different sentences. As they did for their original appeal, Appellants were required to file separate notices of appeal.[2]
¶ 4 In the civil context, the question of one appeal from multiple orders has been specifically disapproved of by courts of this Commonwealth.[3]See General Electric Credit Corp. v. Aetna Casualty & Surety Co., 437 Pa. 463, 263 A.2d 448, 452-53 (1970) (holding that one appeal from several *113 judgments is discouraged as unacceptable practice and stating that the Supreme Court has quashed such appeals where no meaningful choice between them could be made); Egenrieder v. Ohio Casualty Group, 399 Pa.Super. 86, 581 A.2d 937, 940 (1990) (holding separate appeals were required to be filed by each appellant where trial court entered separate orders denying each appellant's motion on different grounds).
¶ 5 Pennsylvania Rule of Appellate Procedure 512 addresses joint appeals, providing:
Parties interested jointly, severally or otherwise in any order in the same matter or in joint matters or in matters consolidated for the purpose of trial or argument, may join as appellants or be joined as appellees in a single appeal where the grounds for appeal are similar, or any one or more of them may appeal separately or any two or more may join in an appeal.
Pa.R.A.P. 512 (emphasis added).
¶ 6 The note accompanying this rule observes that it "continues the policy that `taking one appeal from several judgments is not acceptable practice and is discouraged.'" Pa.R.A.P. 512 note (citing General Electric Credit Corp., 263 A.2d at 452). This rule has never been utilized in a published criminal case in this Commonwealth.
¶ 7 From a purely logical standpoint, the problems inherent in criminal co-defendants filing a joint appeal are readily apparent. In most cases, they would not have been convicted for identical actions. If, then, these co-defendants raised a challenge to the sufficiency of the evidence, as Appellants here do, the evidence under evaluation would be different for each defendant, necessitating individualized arguments and analyses. The same would be true for challenges to different sentences.
¶ 8 Some appellate issues may coincide; for instance, in this case, Appellants challenge ex parte contact between the prosecutor and a juror. The potential for prejudice from such contact would appear to be the same for each defendant. However, even this claim may not be treated by this Court in exactly the same fashion. Appellants were individually represented at trial;[4] accordingly, the issue may have been preserved at trial by one defendant's counsel and not the other's. In this case, Appellants have filed one joint brief which contains only joint arguments. These co-defendants are distinctive from typical co-defendants only in that they are married to each other. However, this distinction is irrelevant to the issues on appeal.
¶ 9 We find the notice of appeal filed by Appellants was a legal nullity; accordingly, quashal results.
¶ 10 Appeal quashed.
NOTES
[*] Retired Senior Judge assigned to the Superior Court.
[1] C.M.K.'s sentence reflects adjustments made by the court in amended sentencing orders dated June 14, 2006, and filed June 15, 2006.
[2] This Court may have elected to list their appeals consecutively or consolidate them for ease of disposition and for purposes of judicial economy; however, these purely administrative actions would only have been taken once the appeals were properly before us. See Pa.R.A.P. 513 (providing procedure for consolidation of multiple appeals).
[3] Of course, our discussion concerns one appeal from multiple appealable orders, not a case where multiple interlocutory orders are rendered appealable by the entry of a final appealable order or judgment. See Stephens v. Messick, 799 A.2d 793, 798 (Pa.Super.2002) (reiterating "As a general rule, interlocutory orders that are not subject to immediate appeal as of right may be reviewed on a subsequent timely appeal of the final appealable order or judgment in the case.") In this case, for example, Appellants challenge, inter alia, the grant of a pre-trial motion in limine filed by the Commonwealth. This type of pre-trial ruling is properly challenged by a defendant after entry of the judgment of sentence.
[4] A single attorney represents both Appellants on appeal; we believe this action is discouraged under Pennsylvania Rule of Professional Conduct 1.7(a)(2), addressing an impermissible conflict of interest where there is a significant risk that the representation of a client will be materially limited by counsel's responsibility to another client. See also Rule 1.7 cmt. at 23 ("The potential for conflict of interest in representing multiple defendants in a criminal case is so grave that ordinarily a lawyer should decline to represent more than one co-defendant.")