J-A12002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TERRELL LARON WALKER, DAMAIRE WALLACE, QUASHAAD RODNEY JAMES AND MAURICE TOWNER, JR., | |
| Appellees | No. 2299 EDA 2015 |

Appeal from the Order Entered June 30, 2015
In the Court of Common Pleas of Bucks County
Family Court at No(s):
CP-09-CR-0000100-2105
CP-09-CR-0000101-2015
CP-09-CR-0000102-2015
CP-09-CR-0000103-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 30, 2016**

The Commonwealth appeals from the consolidated order granting suppression of physical evidence seized in the cases of four codefendants, Terrell Laron Walker (100-2015), Damaire Wallace (101-2015), Quashaad Rodney James (102-2015), and Maurice Towner, Jr. (103-2015) (collectively hereinafter, "Appellees").  After careful review, we quash this appeal.

Appellees were charged at separate dockets with numerous offenses related to an armed robbery that occurred on the morning of October 26,

_____

[*] Former Justice specially assigned to the Superior Court.

2014, at the Glen Hollow Apartments on Newportville Road in Bristol Township, Pennsylvania. Appellees filed suppression motions on March 6, 2015, and a suppression hearing was held on March 20, 2015.[1] The Suppression Court granted Appellees' motions to suppress by order dated June 30, 2015. The Commonwealth filed the instant, timely appeal on July 27, 2015. The Commonwealth then filed a timely, court-ordered Pa.R.A.P. 1925(b) statement on August 20, 2015. The Suppression Court issued its Rule 1925(a) opinion on September 28, 2015.

On August 26, 2015, this Court issued a *per curiam* order to show cause why this appeal should not be quashed, as the Commonwealth failed to file separate appeals for each Appellee. The Commonwealth filed a timely response on September 4, 2015. By *per curiam* order dated October 1, 2015, in consideration of the order to show cause and the Commonwealth's response thereto, this Court deferred the decision whether to quash this appeal to the argument panel.

The Commonwealth now presents the following claims for our review, which we have reordered for ease of disposition:

> [1.] Should this Honorable Court quash the instant appeal based on the filing of the notices of appeal?

---

[1] The trial court does not indicate whether separate motions were filed by each Appellee. However, the dockets of Appellees' individual cases reveal that separate, individual motions were filed, which were addressed at a consolidated suppression hearing.

[2.] Did the Suppression Court err in granting suppression where the police possessed reasonable suspicion to stop Appellees' vehicle based on the totality of the circumstances?

Commonwealth's Brief, at 4.

We must first decide whether to quash the instant appeal due to the Commonwealth's failure to file separate notices of appeal for each Appellee. Pa.R.A.P. 341 governs appeals from final orders. The Note to Rule 341 states, in part, as follows:

> Where … one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal **must** be filed. **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. Rule 341, Note at ¶ 4 (emphasis added).

In **C.M.K.**, codefendants C.M.K. and M.W.K. were convicted following a jury trial "of various offenses related to their physical abuse of their child." **C.M.K.**, 932 A.2d at 112. They filed separate notices of appeal, which were later consolidated by this Court. Subsequently, "this Court vacated the judgments of sentence and remanded for consideration of a Pa.R.Crim.P. 607 motion challenging the weight of the evidence." **Id**. Following a hearing, the trial court issued an order denying C.M.K.'s and M.W.K's weight-of-the-evidence claim, and then resentenced both C.M.K. and M.W.K. C.M.K. and M.W.K. then filed one, joint notice of appeal from their judgments of sentence. This Court deemed their joint notice of appeal "a legal nullity" that required "quashal[.]" **Id.** at 113.

In its argument against quashal, the Commonwealth contends that this Court may, at its discretion, *sua sponte* "consolidate" Appellees' cases on appeal pursuant to Pa.R.A.P. 512 and 513, and urges this Court to do so as a matter of judicial economy. The Commonwealth also attempts to distinguish the instant matter from the circumstances at issue in **C.M.K.** In their respective briefs, Appellees argue that this Court must quash the Commonwealth's appeal by straightforward operation of the comment to Rule 341 and the decision in **C.M.K.**

The Commonwealth's argument that we should consolidate these matters *sua sponte* is unavailing. The Commonwealth only filed a single, joint appeal from the order granting suppression in Appellees' cases. Therefore, there are no 'appeal**s**' for this Court to consolidate, and the Commonwealth has offered no legal authority suggesting that this Court may *sua sponte* file appeals on the Commonwealth's behalf.

Rule 512 does not afford any relief. Rule 512 states:

Parties interested jointly, severally or otherwise in any order in the same matter or in joint matters or in matters consolidated for the purposes of trial or argument, may join as appellants or be joined as appellees in a single appeal where the grounds for appeal are similar, or any one or more of them may appeal separately or any two or more may join in an appeal.

Pa.R.A.P. 512.

Appellees in this case have not sought joinder. Furthermore, the comment to Rule 512 advises:

This describes who may join in a single notice of appeal. The rule does not address whether a single notice of appeal is

adequate under the circumstances presented. Under Rule 341, a single notice of appeal will not be adequate to take an appeal from orders entered on more than one trial court docket. *See* Rule 341, Note ("Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed.").

Pa.R.A.P. 512, Note (single paragraph).  Rule 512, especially when read in combination with its corresponding note, does not afford any form of relief for the Commonwealth's failure to file separate appeals in this matter.

It is even clearer that Rule 513 does not afford the Commonwealth any form of relief.  Rule 513 reads:

Where there is more than one appeal from the same order, or where the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order them to be argued together in all particulars as if but a single appeal. Appeals may be consolidated by stipulation of the parties to the several appeals.

Pa.R.A.P. 513.  Rule 513 only concerns the consolidation of multiple appeals. Again, the Commonwealth only filed a single appeal in this matter.

The Commonwealth separately argues that this matter is distinguishable from *C.M.K.*  In that case, we opined that there were inherent problems with criminal codefendants filing joint appeals:

From a purely logical standpoint, the problems inherent in criminal codefendant[']s filing a joint appeal are readily apparent. In most cases, they would not have been convicted for identical actions. If, then, these codefendants raised a challenge to the sufficiency of the evidence, as Appellants here do, the evidence under evaluation would be different for each defendant, necessitating individualized arguments and analyses.  The same would be true for challenges to different sentences.

*C.M.K.*, 932 A.2d at 113.

The Commonwealth cites this passage from *C.M.K.*, and argues:

> The instant matter is easily distinguishable from the issues raised in *C.M.K.* The present appeal involves a Commonwealth appeal of an identical suppression order as to each Appellee. It is not, as in *C.M.K.*, an appeal by criminal defendants who would have their own distinct issues related to their trial and sentence. There was one suppression hearing held in the instant matter where all four Appellees were challenging the vehicle stop.
>
> There was one order filed for all four Appellees, containing identical findings of fact and conclusions of law. The Suppression Court also captioned that one order with the docket number of each Appellee's case[]. The Commonwealth treated its notices of appeal in the four cases in the same manner as the lower court, using the same caption as the order it was appealing.

Commonwealth's Brief, at 28-29.

We read the passage cited from *C.M.K.* as *dicta* that was not necessary to the holding in that case, but was offered as one possible justification for the rule dictating quashal, not as the only possible justification for that rule. In that passage, the *C.M.K*. Court was speaking generally about the potential hazards that could arise out of the filing of a single appeal by multiple codefendants, hazards which may or may not have actually been a concern in *C.M.K.*

In any event, this Court recognizes that similar problems can arise when the Commonwealth files a single appeal from an order granting suppression with regard to multiple codefendants, regardless of whether the lower court issued a single, consolidated order containing identical findings

of fact and legal analysis for each case.[2]  For instance, affirming (or reversing) the suppression order may affect each defendant differently, depending on what evidence, if any, is still available for use by the Commonwealth at trial.  Indeed, the results of such an appeal may ultimately affect circumstances which impact whether the codefendants should be jointly tried at all.[3]  Moreover, the Fourth Amendment and/or privacy rights of Appellees, as well as their standing to challenge the lawfulness of a search and/or seizure, could also differ between codefendants.  Accordingly, although we agree that the specific concerns discussed in **C.M.K.** cannot arise in a Commonwealth's appeal from a suppression order affecting multiple codefendants, sufficiently similar or analogous hazards exist to justify the rule requiring the Commonwealth to file separate appeals with respect to each Appellee/codefendant.

_____

[2] Our scope and standard of review of suppression orders limits our review of a suppression court's findings of fact, but we are not at all constrained by the court's legal conclusions, as our review of such matters is plenary.  **See Commonwealth v. Henry**, 943 A.2d 967, 969 (Pa. Super. 2008) (stating that "[o]ur scope of review over the suppression court's factual findings is limited in that if these findings are supported by the record we are bound by them[,]" but that "[o]ur scope of review over the suppression court's legal conclusions … is plenary").

[3] In this regard, we observe that an issue regarding motions to sever filed by two of the Appellees was tabled pending the resolution of the suppression motion.  **See** N.T., 3/30/15, at 4-13 (discussing the pending motions to sever); **id.** at 13-15 (requesting tabling of the motions by counsel pending the outcome of suppression hearing).

For the aforementioned reasons, we are compelled to quash the Commonwealth's appeal. The Commonwealth was required to file separate appeals from the suppression order for each of Appellees' separately docketed criminal cases, but failed to do so. This Court lacks the authority to manufacture a remedy for the Commonwealth, even if we were inclined to do so. Consequently, we do not reach the merits of the Commonwealth's suppression claim.

Appeal *quashed*.

Judge Panella joins this memorandum.

President Judge Emeritus Stevens files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2016