J-A12002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TERRELL LARON WALKER, DAMAIRE WALLACE, QUASHAAD RODNEY JAMES AND MAURICE TOWNER, JR. | |
| Appellee | No. 2299 EDA 2015 |

Appeal from the Order Entered June 30, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0000100-2015
CP-09-CR-0000101-2015
CP-09-CR-0000102-2015
CP-09-CR-0000103-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:**FILED SEPTEMBER 30, 2016**

The Majority quashes the Commonwealth's appeal on the basis of a procedural irregularity, *i.e.*, the Commonwealth filed a single notice of appeal, which listed all four Appellees and their respective docket numbers, instead of filing separate notices of appeal from the trial court's consolidated suppression order for each of the four Appellees.  While the Majority offers a thoughtful, cogent analysis, I disagree that this matter should be quashed, and instead, would address the merits of the suppression issue presented by the Commonwealth in its appellate brief.

*Former Justice specially assigned to the Superior Court.

As the Majority indicates, the Commonwealth filed charges against each Appellee with regard to an armed robbery occurring on October 26, 2014. Each Appellee filed a separate motion seeking to suppress physical evidence seized by the police. However, since the issue presented in the motions was the same, *i.e.*, whether the stop of the subject motor vehicle in which all four Appellees were located was supported by the necessary reasonable suspicion or probable cause, the suppression court consolidated the motions and held a single suppression hearing.

Following the hearing, the suppression court entered a single suppression order, which was filed separately at each Appellee's docket number. The Commonwealth then filed a single notice of appeal, which listed each Appellee's name and docket number. In the notice of appeal, the Commonwealth indicated it was appealing "the [o]rder entered in this matter on June 30, 2015, granting Appellees' motion to suppress. . .entered in the above-captioned cases." Commonwealth's Notice of Appeal, filed 7/27/15 (emphasis omitted). Thereafter, the Clerk of Courts docketed the Commonwealth's notice of appeal at each Appellee's individual docket number.

The filing of one notice of appeal from orders entered at different docket numbers "has long been discouraged." 20 G. Ronald Darlington, *et al.*, Pennsylvania Appellate Practice § 341:3.102 (2013–2014 ed.) (footnote

omitted).  This policy is set forth in the *Note* to Rule 341 of the Pennsylvania

Rules of Appellate procedure, which states that:

> A party needs to file only a single notice of appeal to secure review of prior non-final orders that are made final by the entry of a final order.  Where, however, one or more orders resolve issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed.

Pa.R.A.P. 341, *Note* (citations omitted).

Courts, however, have not automatically quashed such appeals.  For

instance, our Supreme Court considered this question in ***General Electric***

***Credit Corp. v. Aetna Casualty & Surety Co.***, 263 A.2d 448 (Pa. 1970),

where the appellant filed a single appeal from two separate judgments

entered against it.  Upon considering these facts, our Supreme Court stated:

> Taking one appeal from several judgments is not acceptable practice and is discouraged.  It has been held that a single appeal is incapable of bringing on for review more than one final order, judgment or decree.  When circumstances have permitted, however, we have refrained from quashing the whole appeal, but this Court has quashed such appeals where no meaningful choice could be made.

***Id.*** at 452-53 (internal citations and footnotes omitted).

Similarly, this Court, citing ***General Electric Credit Corp.***, declined to

quash where counsel for the appellants filed only one notice of appeal from

separate orders denying each appellant's motion to intervene. ***See***

***Egenrieder v. Ohio Casualty Group***, 581 A.2d 937, 940 n.3 (Pa.Super.

1990).  The panel noted that counsel should have filed a separate notice of

appeal for each appellant and that the appeals would then have been subject to consolidation. *See id.*

Thus, the filing of one notice of appeal, in certain cases, is "discouraged," but both our Supreme Court and this Court have refrained from quashing an appeal where the "circumstances have permitted." Here, my examination of the case leads me to conclude that the circumstances permit this Court to exercise its discretion and accept the Commonwealth's appeal.

In quashing the instant matter, the Majority relies primarily upon *Commonwealth v. C.M.K.*, 932 A.2d 111 (Pa.Super. 2007). In *C.M.K.*, a jury convicted co-defendants C.M.K. and M.W.K. of multiple counts of endangering the welfare of a child and simple assault. Both defendants filed notices of appeal from their respective judgments of sentence. This Court consolidated their direct appeals and, ultimately, vacated the judgments of sentence and remanded for consideration of a Pa.R.Crim.P. 607 motion challenging the weight of the evidence. After a hearing, the trial court denied that motion and imposed separate sentences upon the defendants in separate orders entered on separate dockets. Thereafter, C.M.K. and M.W.K. filed a single notice of appeal from their separate judgments of sentence.

This Court quashed the appeal in *C.M.K.*, noting that Pennsylvania courts disapprove of the practice of submitting a single appeal from multiple

- 4 -

orders. **C.M.K.**, 932 A.2d at 112. This Court reasoned that, while some appellate issues regarding the two co-defendants might coincide, many appellate claims would not overlap. Therefore, this Court held that the defendants should have filed separate notices of appeal from each of the judgments of sentence entered at the defendants' individual docket numbers. Since they failed to do so, this Court quashed the appeal.

**C.M.K.** is distinguishable from the instant case. In **C.M.K.**, the appeal was taken from two judgments of sentence imposed on different charges. In the case *sub judice*, on the other hand, the suppression court's order is the same as to each Appellee, and thus, the appellate suppression issue presented by the Commonwealth overlaps. Moreover, in this case, the Clerk of Courts noted the filing of the suppression court's single order, as well as the Commonwealth's single notice of appeal, at each Appellee's docket number.

Accordingly, in light of the fact Appellees have not suffered any prejudice (as they each had the opportunity to fully brief the suppression issue on appeal), the circumstances permit this Court to accept the Commonwealth's appeal. Thus, contrary to the Majority, I would not quash the appeal, but, in the interest of justice, would accept it. Accordingly, I respectfully dissent.