J-S76025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OMAR POWELL | |
| Appellant | No. 1799 EDA 2017 |

Appeal from the PCRA Order May 17, 2017
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0002378-2006

BEFORE:  PANELLA, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:          **FILED FEBRUARY 22, 2018**

Appellant, Omar Powell, appeals *pro se* from the denial of Appellant's "petition for reopening the record," and the "motion for re-appointment of counsel" (collectively, "filings").  Upon review, we quash the instant appeal.

The factual background is not at issue here.  We must, however, summarize the relevant procedural history of the instant matter.  On July 26, 2016, Appellant filed a PCRA petition, his fourth.  In response, the PCRA court appointed counsel to represent Appellant in connection with that petition. Appointed counsel, after conducting further investigation, filed a petition to withdraw from representing Appellant in the proceedings.  On March 16, 2017, the PCRA court granted counsel's petition to withdraw and dismissed

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant's PCRA petition. Appellant appealed to this Court on April 10, 2017. That related appeal is docketed at 1364 EDA 2017 ("No. 1364"), and is currently before us for review.

While the appeal at No. 1364 was pending before this Court, on May 8, 2017, Appellant filed his "petition for reopening the record," and a "motion for re-appointment of counsel" with the PCRA court. A review of those filings reveals that they pertain to the denial of his fourth PCRA petition, the review of which, as noted above, is pending before this Court at No. 1364.

On May 17, 2017, the trial court issued two separate orders denying each of the May 8, 2017 filings. On June 1, 2017, Appellant filed a single *pro se* notice of appeal from the two separate orders denying each of his filings. That appeal is the subject of this appeal docketed at 1799 EDA 2017 ("No. 1799"). On September 7, 2017, this Court issued a rule to show cause why the instant appeal should not be quashed for filing a single notice of appeal from two separate orders dismissing his filings, citing ***Commonwealth v. C.M.K.***, 932 A.2d 111 (Pa. Super. 2007) and Pa.R.A.P. 341, Note. On September 9, 2017, Appellant filed a response. In his response, Appellant did not address the issue raised by us, namely why we should review the instant appeal despite filing a single notice of appeal from separate orders denying each of his filings. Instead, Appellant only argued the timeliness of his "petition for reopening the record." Similarly, in his briefs to this Court, Appellant did not address the propriety of the instant appeal. Indeed, the briefs Appellant filed in the instant appeal (No. 1799) are identical to the briefs

he filed in connection with the appeal pertaining to the denial of his fourth PCRA petition (No. 1364).

We need not address whether the defects in the current notice of appeal, if any, prevent us from reviewing this matter. As also noted by the trial court, it is well-established that "after an appeal is taken . . ., the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701(a).[1] We agree, therefore, with the trial court that it lacked jurisdiction to address the underlying filings as a result of Appellant's filing of the appeal docketed at No. 1364. Moreover, should we affirm the trial court at No. 1364, the instant appeal also would be rendered moot.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/18

---

[1] We note this as the rule with limited exception. **See** Pa.R.A.P. 1701(c) ("Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal . . . the appeal . . . shall operate to prevent the trial court . . . from proceeding further with only such item, claim or assessment . . ..").