J-S01001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: P.T.M. AND K.L.M., MINORS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: J.H. AND C.N.M., | : | |
| FATHER AND MOTHER | : | |
| | : | No. 1539 MDA 2017 |

Appeal from the Decree Entered September 5, 2017
in the Court of Common Pleas of Lancaster County,
Orphans' Court at No(s):  0287-2017

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MARCH 21, 2018**

J.H. ("Father") and C.N.M. ("Mother") appeal from the Decree entered on September 5, 2017, granting the Petition filed by the Lancaster County Children and Youth Social Service Agency ("Agency") to terminate their parental rights to their minor, female child, K.L.M. ("K") (born in April of 2015).  Mother additionally challenges the termination of her parental rights her minor, male child, P.T.M. ("P") (born in June of 2009).[1]  After careful review, we vacate and remand for additional proceedings in the trial court.

_____

[1] P's father is R.F.M., whose paternal rights to P were voluntarily terminated by a Decree entered on June 5, 2017.  Trial Court Opinion, 11/2/17, at 1 n.1. R.F.M. has not filed an appeal from the termination of his parental rights, nor is he a party to the instant appeal.

In its Opinion, the trial court summarized the factual and procedural history underlying the instant appeal, which we adopt as though fully restated herein. *See* Trial Court Opinion, 11/2/17, at 1-14.

On September 5, 2017, the trial court entered its Decree terminating the parental rights of Mother to P, and of Mother and Father to K. On October 3, 2017, both parents filed a joint, single Notice of appeal from the Decree, along with a Concise Statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).[2]

Father and Mother argue that the Agency did not establish, by clear and convincing evidence, the grounds for termination pursuant to 23 Pa.C.S.A. § 2511(a)(1), (2), (5), and/or (8). Brief for Appellants at 15-57. Father and Mother further contend that, even if the Agency established by clear and convincing evidence grounds for termination pursuant to 23 Pa.C.S.A.

---

[2] On April 16, 2013, the Note to Pa.R.A.P. 341 was amended to state that, where one or more orders resolves issues arising on more than one docket or relating to more than one judgment, an appellant must file separate notices of appeal from each order or judgment. *See* Pa.R.A.P. 341, Note. In ***General Electric Credit Corp. v. Aetna Casualty and Surety Co.***, 263 A.2d 448, 452 (Pa. 1970), the Pennsylvania Supreme Court stated that "taking one appeal from several judgments is not acceptable practice and is discouraged." In ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 (Pa. Super. 2007), this Court quashed a joint notice of appeal filed by co-defendants from separate judgments of sentence, *citing* ***General Electric***, ***supra*** and Pa.R.A.P. 512, Note. Father and Mother should have filed a separate notice of appeal from the termination Decrees as to each child, and had the appeals entered on separate dockets. If they had done so, the appeals would have been consolidated for the convenience of the panel and the parties, in any event. *See* Pa.R.A.P. 513. We, therefore, do not find the appeals defective, and will address them.

§ 2511(a), the Agency did not establish, by clear and convincing evidence, the 23 Pa.C.S.A. § 2511(b) requirement, *i.e.*, that the developmental, physical and emotional needs and welfare of the children would not be harmed by termination of parental rights. Brief for Appellants at 52. Father and Mother assert that the case should be remanded for a proper subsection (b) analysis.

In reviewing an appeal from the termination of parental rights, we adhere to the following standard:

> [A]ppellate courts must apply an abuse of discretion standard when considering a trial court's determination of a petition for termination of parental rights. As in dependency cases, our standard of review requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. *In re: R.J.T.*, 608 Pa. 9, 9 A.3d 1179, 1190 (Pa. 2010). If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. *Id.*; *R.I.S.*, 36 A.3d [567,] 572 [(Pa. 2011) (plurality opinion)]. As has been often stated, an abuse of discretion does not result merely because the reviewing court might have reached a different conclusion. *Id.*; *see also Samuel Bassett v. Kia Motors America, Inc.*, 613 Pa. 371, 34 A.3d 1, 51 (Pa. 2011); *Christianson v. Ely*, 575 Pa. 647, 838 A.2d 630, 634 (Pa. 2003). Instead, a decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. *Id.*

> As we discussed in *R.J.T.*, there are clear reasons for applying an abuse of discretion standard of review in these cases. We observed that, unlike trial courts, appellate courts are not equipped to make the fact-specific determinations on a cold record, where the trial judges are observing the parties during the relevant hearing and often presiding over numerous other hearings regarding the child and parents. *R.J.T.*, 9 A.3d at 1190. Therefore, even where the facts could support an opposite result, as is often the case in dependency and termination cases, an appellate court must resist the urge to second guess the trial court and impose its own credibility determinations and judgment; instead we must defer to the trial judges so long as the factual

findings are supported by the record and the court's legal conclusions are not the result of an error of law or an abuse of discretion. *In re Adoption of Atencio*, 539 Pa. 161, 650 A.2d 1064, 1066 (Pa. 1994).

*In re Adoption of S.P.*, 47 A.3d 817, 826-27 (Pa. 2012).

The burden is upon the petitioner to prove, by clear and convincing evidence, that the asserted grounds for seeking the termination of parental rights are valid. *In re R.N.J.*, 985 A.2d 273, 276 (Pa. Super. 2009). "The standard of clear and convincing evidence is defined as testimony that is so "clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue." *Id.* (quoting *In re J.L.C.*, 837 A.2d 1247, 1251 (Pa. Super. 2003)).

This Court may affirm the trial court's decision regarding the termination of parental rights with regard to any one subsection of section 2511(a). *See In re B.L.W.*, 843 A.2d 380, 384 (Pa. Super. 2004) (*en banc*). Section 2511 provides, in relevant part, as follows:

**§ 2511. Grounds for involuntary termination**

**(a) General rule.--**The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

(1) The parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.

(2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and

causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.

* * *

(5) The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency for a period of at least six months, the conditions which led to the removal or placement of the child continue to exist, the parent cannot or will not remedy those conditions within a reasonable period of time, the services or assistance reasonably available to the parent are not likely to remedy the conditions which led to the removal or placement of the child within a reasonable period of time and termination of the parental rights would best serve the needs and welfare of the child.

* * *

(8) The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency, 12 months or more have elapsed from the date of removal or placement, the conditions which led to the removal or placement of the child continue to exist and termination of parental rights would best serve the needs and welfare of the child.

* * *

**(b) Other considerations.--**The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child.  The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent.  With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. § 2511.

With respect to subsection 2511(a)(1), our Supreme Court has held as follows:

> Once the evidence establishes a failure to perform parental duties or a settled purpose of relinquishing parental rights, the court must engage in three lines of inquiry: (1) the parent's explanation for his or her conduct; (2) the post-abandonment contact between parent and child; and (3) consideration of the effect of termination of parental rights on the child pursuant to Section 2511(b).

*In re Adoption of Charles E.D.M.*, 708 A.2d 88, 92 (Pa. 1988).

Further, this Court has directed that

> the trial court must consider the whole history of a given case and not mechanically apply the six-month statutory provision. The court must examine the individual circumstances of each case and consider all explanations offered by the parent facing termination of his or her parental rights, to determine if the evidence, in light of the totality of the circumstances, clearly warrants the involuntary termination.

*In re B.,N.M.*, 856 A.2d 847, 854-55 (Pa. Super. 2004) (citations omitted).

To satisfy the requirements of subsection 2511(a)(2), the moving party must produce clear and convincing evidence regarding the following elements: (1) repeated and continued incapacity, abuse, neglect or refusal; (2) such incapacity, abuse, neglect or refusal caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being; and (3) the causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied. *See In re Adoption of M.E.P.*, 825 A.2d 1266, 1272 (Pa. Super. 2003). The grounds for termination of parental rights under subsection 2511(a)(2), due to parental incapacity that cannot be remedied, are not limited to affirmative misconduct; to the contrary, those grounds may

include acts of refusal as well as incapacity to perform parental duties. *In re A.L.D.* 797 A.2d 326, 337 (Pa. Super. 2002).

When we review the trial court's analysis of subsection 2511(a)(5), we consider the following:

> Under [subsection] 2511(a)(5), we, thus, review the record to determine whether [a child has] been removed from [the parent] for six months and whether [the parent] can remedy the conditions leading to the removal of [the child]. *See*[] *In the Interest of Lilley*, 719 A.2d 327, 334 (Pa. Super. 1998) (the child has been removed from the parents by the court and the conditions which led to placement of the child continue to exist and have not been remedied within a reasonable time and termination of parental rights would best serve the needs and welfare of the child). We also note that in considering the importance of stability to a child's welfare, the reasons why the child has been with the third party for so long must be taken into account. *In Re: Adoption of Steven S.,* 417 Pa. Super. 247, 612 A.2d 465, 471 (1992), *appeal denied,* 533 Pa. 661, 625 A.2d 1194 (1993).

*In re Adoption of T.B.B.*, 835 A.2d 387, 395 (Pa. Super. 2003).

Further, to terminate parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(8), it must be demonstrated that "(1) [t]he child has been removed from parental care for 12 months or more from the date of removal; (2) the conditions which led to the removal or placement of the child continue to exist; and (3) termination of parental rights would best serve the needs and welfare of the child." *In re Adoption of M.E.P.*, 825 A.2d at 1275-76. "Section 2511(a)(8) sets a 12-month time frame for a parent to remedy the conditions that led to the children's removal by the court." *In re A.R.*, 837 A.2d 560, 564 (Pa. Super. 2003). Once the 12-month period has been established, the

trial court must next determine whether the conditions necessitating placement persist, despite the reasonable good faith efforts Agency supplied over a realistic period of time. *Id.* Terminating parental rights under subsection (a)(8) does not require the trial court to evaluate a parent's current "willingness or ability to remedy the conditions that initially caused placement." *T.B.B.*, 835 A.2d at 396 (citation omitted).

In its Opinion, the trial court provided a comprehensive summary and analysis of the evidence supporting termination pursuant to subsections (a)(1), (2), (5), and (8). *See* Trial Court Opinion, 11/2/17, at 2-14, 15-19. Our review discloses that the trial court's decision to terminate the parental rights of Father and Mother under subsections (a)(1), (2), (5), and (8), is supported by competent, clear and convincing evidence in the record, and we discern no abuse of discretion in this regard. We therefore adopt the trial court's Opinion as to termination of Father's and Mother's parental rights pursuant to subsections (a)(1), (2), (5) and (8). *See* Trial Court Opinion, 11/2/17, at 15-19.

Next, we address Father's and Mother's claim that the trial court abused its discretion in terminating their parental rights to their children pursuant to section 2511(b). *See* Brief for Appellants at 50-55. Father and Mother assert that the trial court improperly failed to conduct a separate analysis pursuant to subsection (b), requiring remand to the trial court for a full analysis pursuant to that subsection. *See id.* at 55.

- 8 -

The focus in terminating parental rights under subsection 2511(a) is on the parent, but it is on the child pursuant to subsection 2511(b). *See In re Adoption of C.L.G.*, 956 A.2d 999, 1008 (Pa. Super. 2008) (*en banc*). In reviewing the evidence in support of termination under section 2511(b), our Supreme Court has stated the following:

> [I]f the grounds for termination under subsection (a) are met, a court "shall give primary consideration to the developmental, physical and emotional needs and welfare of the child." 23 Pa.C.S.[A.] § 2511(b). The emotional needs and welfare of the child have been properly interpreted to include "[i]ntangibles such as love, comfort, security, and stability." In *In re E.M.*, [620 A.2d 481, 485 (Pa. 1993)], this Court held that the determination of the child's "needs and welfare" requires consideration of the emotional bonds between the parent and child. The "utmost attention" should be paid to discerning the effect on the child of permanently severing the parental bond. *In re K.M.*, 53 A.3d at 791.

*In re: T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (citation omitted).

When evaluating a parental bond, "the court is not required to use expert testimony. Social workers and caseworkers can offer evaluations as well. Additionally, section 2511(b) does not require a formal bonding evaluation." *In re Z.P.*, 994 A.2d 1108, 1121 (Pa. Super. 2010) (internal citations omitted). Although it is often wise to have a bonding evaluation and make it part of the certified record, "[t]here are some instances … where direct observation of the interaction between the parent and the child is not necessary and may even be detrimental to the child." *In re K.Z.S.*, 946 A.2d 753, 762 (Pa. Super. 2008).

A parent's abuse and neglect are likewise a relevant part of this analysis:

A child's feelings toward a parent are relevant to the section 2511(b) analysis. Nonetheless, concluding a child has a beneficial bond with a parent simply because the child harbors affection for the parent is not only dangerous, it is logically unsound. If a child's feelings were the dispositive factor in the bonding analysis, the analysis would be reduced to an exercise in semantics as it is the rare child who, after being subject to neglect and abuse, is able to sift through the emotional wreckage and completely disavow a parent …. Nor are we of the opinion that the biological connection between [the parent] and the children is sufficient in of itself, or when considered in connection with a child's feeling toward a parent, to establish a *de facto* beneficial bond exists. The psychological aspect of parenthood is more important in terms of the development of the child and [his or her] mental and emotional health than the coincidence of biological or natural parenthood.

*In re K.K.R.-S.*, 958 A.2d 529, 535 (Pa. Super. 2008) (internal citations and quotation marks omitted). "[A] parent's basic constitutional right to the custody and rearing of … her child is converted, upon the failure to fulfill … her parental duties, to the child's right to have proper parenting and fulfillment of [the child's] potential in a permanent, healthy, safe environment." *In re B.,N.M.*, 856 A.2d at 856 (internal citations omitted).

With regard to section 2511(b), the trial court stated the following:

When the Agency has met its burden under [s]ection 2511(a), the [c]ourt must also look to the requirements of [s]ection 2511(b) before terminating any parental rights. "The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent

- 10 -

to the giving of notice of the filing of the petition."[FN] 23 Pa.C.S.A. § 2511(b). Section 2511(b) centers judicial inquiry upon the welfare of the child rather than the fault of the parent. *In re A.R.*, 837 A.2d [at 565]. "Considering what situation would best serve the child's needs and welfare, the court must examine the status of the bond between the natural parent and the child to consider whether terminating the parent's rights would destroy an existing, necessary and beneficial relationship." [*T.B.B.*, 835 A.2d at 396].

On appeal, the parents assert that the [c]ourt's Order is not supported by evidence, and not in the best interests of the children. A review of the record, however, indicates otherwise.

_____

[FN] The parents' Concise Statement asserts that this final sentence of section 2511(b) violates their due process and equal protection rights because the Agency can still use the setbacks and failures, occurring after the Petition is filed, against the parents. The [c]ourt notes that, in this matter, both the progress and setbacks or failures of these parents occurred before the February 2017 Petition was filed; that the setbacks or failures continued afterwards did not alter the [c]ourt's decision.

Trial Court Opinion, 11/2/17, at 15-16 (footnote in original).

Although the trial court stated that the termination of Father's and Mother's parental rights was in the best interests of the children, it failed to discuss subsection (b) with regard to the evidence of record. Rather, the trial court focused its analysis of the evidence strictly on subsection (a). A consideration of both subsections (a) **and (b)** is necessary for the involuntary termination of parental rights. Therefore, we are constrained to vacate the Decree, and remand the matter to the trial court for a full section 2511(b) analysis. *See T.S.M.*, *supra*; *In re K.Z.S.*, *supra*.

On remand, the trial court has the discretion to take additional testimony and receive more evidence to complete the section 2511(b) best

- 11 -

interests analysis. Accordingly, although we discern no abuse of the trial court's discretion with regard to 23 Pa.C.S.A. § 2511(a), we vacate the Decree and remand the case for the trial court's consideration and analysis under 23 Pa.C.S.A. § 2511(b). The trial court shall hold further evidentiary proceedings, if necessary, and then enter a new decree.[3]

Decree vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/21/2018

---

[3] Because of our disposition, we do not reach the parents' argument concerning whether the second portion of section (b) is unconstititutional as violative of the guarantee to due process, and the trial court's reasoning for rejecting that argument. **See** Trial Court Opinion, 11/2/17, at 15 n.5, *supra*.