J-A07017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EDWIN CLAIR KNECHT | : | No. 857 MDA 2017 |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHARLES BLAIR WEAVER | | |

Appeal from the Order Entered May 16, 2017
In the Court of Common Pleas of Clinton County
Criminal Division at No(s):  CP-18-CR-0000032-2017,
CP-18-CR-0000033-2017

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                        **FILED MAY 09, 2018**

The Commonwealth of Pennsylvania appeals from the May 16, 2017 orders granting Edwin Clair Knecht's and Charles Blair Weaver's (collectively "Appellees'") motions to suppress blood alcohol concentration ("BAC") blood test results obtained during the course of two driving under the influence ("DUI") investigations.  We reverse and remand for further proceedings consistent with this memorandum.

_____
*   Former Justice specially assigned to the Superior Court.

The factual backgrounds of these cases are as follows. On November 12, 2016, Trooper Benjamin Campana stopped Weaver's vehicle. Trooper Campana suspected that Weaver was intoxicated and, therefore, asked Weaver to perform field sobriety tests. Weaver failed those tests and was arrested for suspicion of DUI.

Trooper Campana transported Weaver to the hospital where he read him the DL-26B form. That form informed Weaver that he would face possible civil penalties for failing to submit to a blood test. The form did not advise Weaver that he would face enhanced criminal penalties for refusing a blood test. Thereafter, Weaver consented to the blood draw which showed that he had a BAC above the legal limit.

On November 29, 2016, Officer Stephen Nero stopped Knecht's vehicle. Officer Nero suspected that Knecht was intoxicated and, therefore, asked Knecht to perform field sobriety tests. Knecht failed those tests and was arrested for suspicion of DUI.

Officer Nero transported Knecht to the hospital where he read him the DL-26B form. That form informed Knecht that he would face possible civil penalties for failing to submit to a blood test. The form did not advise Knecht that he would face enhanced criminal penalties for refusing a blood test. Thereafter, Knecht consented to the blood draw which showed that he had a BAC above the legal limit.

The procedural histories of these cases are as follows. On February 2, 2017, the Commonwealth charged Knecht via criminal information with DUI – general impairment,[1] DUI – higher rate,[2] and speeding.[3] That same day, the Commonwealth filed an unrelated criminal information charging Weaver with DUI – general impairment, DUI – highest rate,[4] careless driving,[5] and an equipment violation.[6]

On February 28, 2017, Appellees filed motions seeking suppression of the blood draw evidence. A combined suppression hearing was held on April 20, 2017. On May 16, 2017, the trial court granted Appellees' suppression motions. The Commonwealth filed timely notices of appeal.[7] *See* Pa.R.A.P.

_____

[1] 75 Pa.C.S.A. § 3802(a)(1).

[2] 75 Pa.C.S.A. § 3802(b).

[3] 75 Pa.C.S.A. § 3362(a)(3).

[4] 75 Pa.C.S.A. § 3802(c).

[5] 75 Pa.C.S.A. § 3714(a).

[6] 75 Pa.C.S.A. § 4107(b)(2).

[7] Only one docket number was assigned to these two separate appeals because of a breakdown in the judicial system. The certified records indicate that separate notices of appeal were filed, as evidenced by the different time stamps appearing on the notices of appeal. We therefore have jurisdiction over these appeals and will reach the merits of the trial court's decisions. *See* Pa.R.A.P. 341 note; *Commonwealth v. C.M.K.*, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007).

311(d) (providing that the Commonwealth may take an appeal as of right from an interlocutory order substantially handicapping a prosecution).

The Commonwealth presents one issue for our review:

Did the [trial] court err in its application of the maxim "citizens are presumed to know the law" where the [trial] court's application of that principle fails to consider Appellees' presumed knowledge of relevant precedent established by the [Supreme Court of the United States?]

Commonwealth's Brief at 4 (complete capitalization removed).

The Commonwealth's sole issue challenges the trial court's suppression orders. We review a trial court's order suppressing evidence for an abuse of discretion and our scope of review consists of "only the evidence from the defendant's witnesses along with the Commonwealth's evidence that remains uncontroverted." *Commonwealth v. Maguire*, 175 A.3d 288, 291 (Pa. Super. 2017) (citations omitted).

Recently, we issued *Commonwealth v. Robertson*, 2018 WL 2057000 (Pa. Super. May 3, 2018). In *Robertson*, we held that defendants are presumed to know case law in addition to statutory law. *Id.* at *4-5. Hence, the trial court erred in concluding that Appellees believed they were subject to increased criminal penalties if they refused blood draws. Moreover, in *Robertson* we rejected Appellees' argument that police have an affirmative duty to inform defendants that they would not face increased criminal penalties if they refused a blood test. *Id.* at *5. Contrary to Appellees'

argument, trial courts may not consider the failure to provide such a warning as weighing against a finding of voluntariness.

Having determined that Appellees do not reap the benefit of the presumption of knowing only statutory law, we turn to the specific facts of these cases. Under **Commonwealth v. Evans**, 153 A.3d 323 (Pa. Super. 2016), a trial court must consider the totality of the circumstances when determining if a defendant's consent to a blood draw was voluntary. **Evans**, 153 A.3d at 328 (citation omitted). As our Supreme Court explained:

> While there is no hard and fast list of factors evincing voluntariness, some considerations include: 1) the defendant's custodial status; 2) the use of duress or coercive tactics by law enforcement personnel; 3) the defendant's knowledge of his right to refuse to consent; 4) the defendant's education and intelligence; 5) the defendant's belief that no incriminating evidence will be found; and 6) the extent and level of the defendant's cooperation with the law enforcement personnel.

**Commonwealth v. Gillespie**, 821 A.2d 1221, 1225 (Pa. 2003) (Eakin, J., opinion announcing the judgment of the court) (cleaned up), *citing* **Commonwealth v. Cleckley**, 738 A.2d 427, 433 n.7 (Pa. 1999).

In both of these cases, Appellees were in custody. Thus, the first factor weighed against a finding of voluntariness. Police did not use coercive tactics nor were Appellees under duress. Thus, the second factor weighed in favor of finding voluntariness. Appellees were properly advised of their right to refuse a blood draw. Hence, the third factor weighed in favor of a finding of voluntariness. The fourth and fifth factors were neutral because no evidence was presented regarding Appellees' education and intelligence or whether

Appellees were aware that incriminating evidence would be found in their blood. Finally, Appellees fully cooperated with police. Accordingly, the last factor weighed in favor of voluntariness. In sum, the only factor that weighed against a finding of voluntariness was that Appellees were in custody. No reasonable fact-finder could weigh these factors and determine that Appellees' consent was involuntary. As such, we decline to remand this matter for further fact-finding and instead reverse the trial court's suppression orders and remand for further proceedings consistent with this memorandum.

Orders reversed. Cases remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2018