J-S72031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                :                PENNSYLVANIA
                                                :

               v.                         :

JAMES ALAN HAMMAN, JR.,         :

             Appellant.         :       No. 920 MDA 2018

Appeal from the Judgment of Sentence, February 6, 2018,
in the Court of Common Pleas of Fulton County,
Criminal Division at No(s):  CP-29-CR-0000201-2016,
CP-29-CR-0000202-2016, CP-29-CR-0000206-2016.

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:         **FILED FEBRUARY 26, 2019**

James Hamman, Jr. appeals from the judgment of sentence imposed after a jury convicted him of multiple offenses including burglary, criminal trespass, theft by unlawful taking, receiving stolen property, and possession of a firearm.  Based upon our Supreme Court's recent decision in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), we quash the appeal.

A brief summary of the relevant facts is as follows.  On October 15, 2016, Brian Mackey contacted the Pennsylvania State Police to report that his cabin was forcefully broken into and various items of personal property were missing.  Ranger Greg Eitner, who assisted the PSP in the investigation, later discovered that some of the missing items from Mr. Mackey's cabin were located at a pawn shop.  The items had serial numbers that identified them as belonging to Mr. Mackey.  The pawn shop worker confirmed that Hamman sold

him these items. Hamman admitted that he and other individuals agreed to break into Mr. Mackey's cabin to steal property, and sold the stolen items for cash.

On October 26, 2016, another gentleman, Glenn Mellinger, discovered that someone broke into his cabin. Mr. Mellinger's rifle and log splitter were both missing. A trooper found imprints of a glove with a distinct emblem on it at the scene. A glove with the same emblem was found in Hamman's van. A pawn shop broker identified Mr. Mellinger's log splitter and indicated that he purchased it from Hamman. Another pawn shop operator confirmed through documents and video surveillance footage that Hamman sold him Mr. Mellinger's rifle. Hamman also admitted to an investigating officer that he was present at the Mellinger's cabin.

While canvasing the area for additional burglaries, the police also discovered a break-in at the home of David Bland.

On January 13, 2017, the police filed criminal informations for the three burglaries at three separate dockets. At case numbers 201, 202, and 206 of 2016, they charged Hamman with a total of twenty-two criminal offenses, including burglary and criminal trespass. After originally entering a guilty plea, the court granted Hamman's request to withdraw it. The case went to

a jury trial, where Hamman was convicted of multiple offenses on all three dockets.[1]

The court sentenced Hamman on February 6, 2018 on the three trial docket numbers. The court issued separate sentencing orders for each docket number. Hamman filed a post-sentence motion on February 16, 2018. Following the denial of Hamman's motion on May 8, 2018, Hamman filed the instant timely appeal on June 6, 2018. The trial court's order denying Hamman's motion contained all three docket numbers in the caption. The notice of appeal also bears all three trial court docket numbers.

Hamman presents the following issues for our consideration:

1. Whether the Commonwealth's evidence was sufficient to prove that Hamman committed burglary or conspired to commit burglary of the Brian Mackey cabin and that Hamman committed burglary of the Glenn Mellinger Cabin?

2. Whether, in the alternative, the weight of the evidence was so weak and inconclusive such that no possibility of guilt should have been determined that Hamman committed the burglary or conspired to commit burglary of the Brian Mackey Cabin and that Hamman committed burglary of the Glen Mellinger Cabin?

3. Whether Hamman's sentence, while being within the sentencing guidelines, should be modified as being unreasonable considering the circumstances of the case?

*See* Hamman's Brief at 7.

---

[1] The burglary of the Bland home was tried along with the Mackey and Mellinger cases, but is not a subject of the instant appeal. *See* Commonwealth's Brief at 5, n. 3.

Before we review the substantive issues presented by Hamman on appeal, we must first address a procedural question. In **_Commonwealth v. Walker_**, 185 A.3d 969 (Pa. 2018), our Supreme Court has recently held, "prospectively, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **_Id_**. at 971.

In **_Walker_**, the Commonwealth had filed a single notice of appeal in response to a single order that decided defendants' suppression motions in four cases with four different docket numbers. The Supreme Court concluded that the Official Note to Rule 341 of Pennsylvania Rules of Appellate Procedure[2] "provides a bright-line mandatory instruction to practitioners to file separate notices of appeal," and that "the failure to do so requires the appellate court to quash the appeal." **_Walker_**, at 976-77. Because the mandate in the Official Note was contrary to "decades of case law from this Court and the intermediate appellate courts," the Walker Court announced that its holding would apply prospectively only. **_Id_**. at 977. Only appeals filed

_____

[2] The Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure provides, in relevant part:

> Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. Commonwealth v. C.M.K., 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

after June 1, 2018, the date Walker was filed, would require the filing of separate notices of appeal. *Id*.

Because Hamman filed his notice of appeal on June 6, 2018, **Walker** applies. The order from which Hamman appeals lists three trial court docket numbers, including one from the Brian Mackey burglary, and another from the Glen Mellinger matter. Because Hamman appeals the convictions for both the Mackey and Mellinger charges, under **Walker,** he needed to file separate notices of appeal for each of these dockets. He did not do so. Thus, we must quash the appeal.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/26/2019