J-S04043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEFFREY BRICE SNYDER | : | |
| | : | |
| Appellant | : | No. 1030 MDA 2018 |

Appeal from the Order Entered May 22, 2018
In the Court of Common Pleas of Snyder County Criminal Division at
No(s): CP-55-CR-0000371-2013,
CP-55-CR-0000372-2013

BEFORE:   SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MARCH 22, 2019**

Appellant, Jeffrey Brice Snyder, appeals from the order entered in the Court of Common Pleas of Snyder County denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, following an evidentiary hearing.   Based on our Supreme Court's recent decision in ***Commonwealth v. Walker***, ___Pa.___, 185 A.3d 969 (2018), we are constrained to quash the appeal.

On November 20, 2015, Appellant pled guilty to two counts of felony manufacture/delivery/possession with the intent to deliver a controlled substance on two separate dockets.  On February 1, 2016, the lower court sentenced Appellant to an aggregate of eight to sixteen years imprisonment.

On October 19, 2016, Appellant filed a timely PCRA petition at both dockets, asserting that his trial counsel was ineffective in failing to file certain

_____

* Former Justice specially assigned to the Superior Court.

pre-trial motions and in inducing Appellant into entering an unknowing and involuntary plea. Following a PCRA hearing, the PCRA court filed an opinion on October 22, 2018, which denied PCRA relief on both docket numbers. On June 21, 2018, counsel filed on behalf of Appellant a single timely notice of appeal bearing the two lower court docket numbers.

In his appellate brief, Appellant sets forth the following issues:

1. Did the trial court err in denying the Appellant's PCRA Petition when it failed to find that trial counsel was ineffective when trial counsel failed to file pre-trial motions?

2. Did the trial court err in denying the Appellant's PCRA Petition when it failed to find that trial counsel was ineffective when trial counsel caused a wrongful inducement of [Appellant's] plea?

Appellant's Brief at 8.

At the outset, we must address the fact that Appellant filed a single notice of appeal with issues that relate to two different lower court docket numbers.[1] The Official Note to Pa.R.A.P. 341 provides, in relevant part:

> Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. **_Commonwealth v. C.M.K._**, 932 A.2d 111, 113 & n.3 (Pa.Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

---

[1] The argument portion of Appellant's brief reveals that he is presenting this issue as to both lower court docket numbers.

Until recently, we recognize that it was common practice for courts of this Commonwealth to allow appeals to proceed, even if they failed to conform with Pa.R.A.P. 341. **See In the Interest of P.S.**, 158 A.3d 643 (Pa.Super. 2017). However, on June 1, 2018, our Supreme Court, in **Walker**, **supra**, held that this practice violates Pa.R.A.P. 341. Specifically, our Supreme Court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Walker**, 185 A.3d at 971. The Court concluded that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal. . . .The failure to do so requires the appellate court to quash the appeal." **Id.** at 976-77. **See Commonwealth v. Luciani**, ____ A.3d ____, 2018 WL 6729854 (Pa.Super. filed 12/24/18) (recognizing that, despite the fact charges filed at two separate lower court docket numbers are joined for trial, under **Walker**, **supra**, appellants are required to file separate notices of appeal). The Supreme Court provided that its decision would apply prospectively to appeals filed after June 1, 2018, the date **Walker** was filed.

In the case *sub judice*, Appellant's notice of appeal was filed on June 21, 2018. Although the PCRA court addressed the merits of Appellant's collateral issues in one opinion, under current precedent, our Supreme Court mandates that Appellant was to file a separate notice of appeal for each lower court docket number. Consequently, since Appellant's notice of appeal, which arises from two lower court docket numbers, was filed after **Walker**, we are constrained to quash the appeal.

- 3 -

Appeal quashed.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2019