J-S81045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
HECTOR DAVID COLON :
:
Appellant : No. 1247 MDA 2018

Appeal from the PCRA Order Entered July 3, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002458-2009,
CP-22-CR-0002461-2009, CP-22-CR-0002462-2009

BEFORE: STABILE, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED FEBRUARY 04, 2019**

Appellant, Hector David Colon, appeals from the order entered in the

Court of Common Pleas of Dauphin County denying his first petition filed under

the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, following

an evidentiary hearing. Based on our Supreme Court's recent decision in

***Commonwealth v. Walker***, ___ Pa. ___, 185 A.3d 969 (2018), we are

constrained to quash the appeal.

Beginning in the late 1990's, over the course of several years, Appellant

regularly sexually assaulted three young girls: A.M., B.S., and S.C. The

Commonwealth filed numerous charges at three separate lower court docket

_____
* Former Justice specially assigned to the Superior Court.

numbers,[1] and the three cases proceeded to a joint jury trial, at which Appellant was convicted of all offenses. On November 7, 2011, the trial court sentenced Appellant to an aggregate of 3 to 6 years in prison for the crimes against A.M. (docket 0002458-2009), an aggregate of 4 to 8 years in prison for the crimes against B.S. (docket 0002461-2009), and an aggregate of 21 to 47 years in prison for the crimes against S.C. (docket 0002462-2009).[2] Appellant filed a timely direct appeal, and we affirmed on August 14, 2013.

On June 18, 2014, Appellant filed a timely *pro se* PCRA petition at all three docket numbers, and the PCRA court appointed counsel, who filed an amended PCRA petition at all three docket numbers. Therein, Appellant raised claims of ineffective assistance of trial counsel, specifically averring that trial counsel was ineffective for failing to call witnesses, failing to request a bill of particulars, and not presenting an alibi defense. Following a PCRA hearing, the PCRA court filed an opinion on July 3, 2018, which denied PCRA relief on

---

[1] As to A.M. (docket 0002458-2009), Appellant was charged with indecent assault, unlawful contact with a minor, and corruption of minors. As to B.S. (docket 0002461-2009), Appellant was charged with one count of criminal attempt, two counts of indecent assault-complainant less than 13 years, two counts of corruption of minors, and two counts of unlawful contact with a minor. As to S.C. (docket 0002462-2009), Appellant was charged with rape of a child, rape (victim less than 13 years old), indecent assault, unlawful contact with a minor, and corruption of minors.

[2] The confinement for docket 0002461-2009 was imposed concurrently to the confinement for docket 0002458-2009; however, the confinement for docket 0002461-2009 was imposed consecutively to the confinement for docket 0002462-2009.

all three docket numbers. On July 27, 2018, counsel filed on behalf of Appellant a single timely notice of appeal bearing all three lower court docket numbers.[3]

In his appellate brief, Appellant sets forth the following issue:

1. Whether the trial court erred in dismissing [Appellant's] PCRA petition when trial counsel was ineffective in failing to (a) call witnesses, (b) request a bill of particulars, and (c) present an alibi defense and whether Appellant is due relief under [**Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017)]?

Appellant's Brief at 4.

At the outset, we must address the fact that Appellant filed a single notice of appeal with issues that relate to three different lower court docket numbers.[4] The Official Note to Pa.R.A.P. 341 provides, in relevant part:

Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa.Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

---

[3] The lower court's certified docket entries did not initially reflect that the PCRA court denied PCRA relief in its opinion filed on July 3, 2018. Accordingly, this Court issued a rule to show cause as to why the appeal should not be quashed, and in response, Appellant's counsel explained the PCRA court denied relief in its opinion. This Court requested the trial court correct the certified docket entries, and, thus, the lower court corrected the docket to reflect the denial of PCRA relief on July 3, 2018.

[4] The argument portion of Appellant's brief reveals that he is presenting this issue as to all three lower court docket numbers.

Until recently, we recognize that it was common practice for courts of this Commonwealth to allow appeals to proceed, even if they failed to conform with Pa.R.A.P. 341. **See In the Interest of P.S.**, 158 A.3d 643 (Pa.Super. 2017). However, on June 1, 2018, our Supreme Court, in **Walker**, **supra**, held that this practice violates Pa.R.A.P. 341. Specifically, our Supreme Court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Walker**, 185 A.3d at 971. The Court concluded that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal. . . .The failure to do so requires the appellate court to quash the appeal." **Id.** at 976-77. **See Commonwealth v. Luciani**, ____ A.3d ____, 2018 WL 6729854 (Pa.Super. filed 12/24/18) (recognizing that, despite the fact charges filed at two separate lower court docket numbers are joined for trial, under **Walker**, **supra**, appellants are required to file separate notices of appeal). The Supreme Court provided that its decision would apply prospectively to appeals filed after June 1, 2018, the date **Walker** was filed.

In the case *sub judice*, Appellant's notice of appeal was filed on July 27, 2018. Although the PCRA court addressed the merits of Appellant's collateral issues in one opinion, under current precedent, our Supreme Court mandates that Appellant was to file a separate notice of appeal for each lower court docket number. Consequently, since Appellant's notice of appeal, which arises

from three lower court docket numbers, was filed after **Walker**, we are constrained to quash the appeal.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/04/2019