J-S08036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT LISINICHIA | : | |
| | : | |
| Appellant | : | No. 2076 EDA 2018 |

Appeal from the Order Entered July 9, 2018
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0000292-2000,
CP-48-CR-0003074-1999

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MARCH 06, 2019**

Appellant, Robert Lisinichia, appeals from the order entered in the Court of Common Pleas of Northampton County denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, following an evidentiary hearing.   Based on our Supreme Court's recent decision in **_Commonwealth v. Walker_**, ___Pa.___, 185 A.3d 969 (2018), we are constrained to quash the appeal.

On October 17, 2000, Appellant entered guilty pleas on two separate dockets.  At docket number CP-48-CR-0000292-2000, Appellant pled guilty to corruption of minors for showing his six-year-old son pornographic videos and fondling him on numerous occasions.  At docket number CP-48-CR-0003074-1999, Appellant pled guilty to incest for multiple instances of anal rape of his son, who was then ten years old.  On December 11, 2000, the lower court

_____
*   Former Justice specially assigned to the Superior Court.

sentenced Appellant to an aggregate of six to fifteen years' imprisonment. On September 20, 2001, this Court affirmed the judgment of sentence.

On November 15, 2001, Appellant filed his first PCRA petition, which was ultimately denied. Thereafter, Appellant filed multiple PCRA petitions, which were also subsequently denied; none of these petitions are relevant to the disposition of this case.

On November 14, 2017, Appellant filed the instant *pro se* PCRA petition at both dockets, arguing that his lifetime registration requirement as a sex offender is unconstitutional in light of the recent precedent in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017). The PCRA court appointed conflicts counsel, James Brose, Esq. to represent Appellant. Following a PCRA hearing, the PCRA court filed an order on February 15, 2018, denying PCRA relief on both docket numbers.

The subsequent procedural history is not clearly documented in the certified record, but is explained through the lower court's orders. The PCRA court indicates that after it denied Appellant's petition, Atty. Brose was discharged from representing Appellant as his contract with Northampton County had been terminated. Although the lower court appointed Appellant new counsel, Court Administration failed to provide a copy of the February 15, 2018 order with the order of Appointment. In addition, Atty. Brose did not provide Appellant with a copy of the February 15, 2018 order.

Appellant's new counsel filed a Motion for Reconsideration,[1] requesting the reinstatement of Appellant's appellate rights with respect to the February 15, 2018 order. Thereafter, the PCRA court recognized that a breakdown in court processes occurred which deprived Appellant of timely notice of the PCRA court's February 15, 2018 order to allow him the opportunity to file a timely appeal. Thus, in a subsequent order filed on May 29, 2018, the lower court indicated that it "granted counsel's request for *nunc pro tunc* relief to protect the record and to pursue on appeal." Order, 5/29/18, at 1.

However, the lower court also directed Appellant to file a Motion for Reconsideration of its February 15, 2018 order within 10 days of the May 29, 2018 order. On June 7, 2018, Appellant filed a motion for reconsideration. On July 10, 2018, the lower court denied this motion and directed Appellant to file a notice of appeal within twenty days of its order. On July 19, 2018, Appellant filed one notice of appeal for both dockets.

As an initial matter, we must determine whether a timely appeal was properly filed in this case. First, we analyze whether Appellant's appeal was timely. This Court has held that "[w]hen the trial court issues an order reinstating an appellant's appeal rights, the appellant must file the appeal within 30 days of the order reinstating the appeal rights." ***Commonwealth v. Wright***, 846 A.2d 730, 734 (Pa.Super. 2004). However, "if a PCRA court restores a defendant's direct appeal rights *nunc pro tunc,* the court must

---

[1] Although the "Motion for Reconsideration" is not part of the certified record, the PCRA court confirms that it received this document.

inform the defendant that the appeal must be filed within 30 days of the entry of the order." *Id*. at 735 (declining to quash an untimely appeal when lower court failed to inform the appellant of the time period for taking an appeal after reinstatement of his appellate rights).

In this case, Appellant was required to file an appeal to this Court within 30 days of the lower court's May 29, 2018 order reinstating his appellate rights. However, we note that Appellant was directed to file a motion for reconsideration and was not informed that he had 30 days to file a timely appeal. As a result, we decline to quash the appeal as untimely.

We also must address the fact that Appellant filed a single notice of appeal with issues that relate to two different lower court docket numbers. The Official Note to Pa.R.A.P. 341 provides, in relevant part:

> Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa.Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

Until recently, we recognize that it was common practice for courts of this Commonwealth to allow appeals to proceed, even if they failed to conform with Pa.R.A.P. 341. **See In the Interest of P.S.**, 158 A.3d 643 (Pa.Super. 2017). However, on June 1, 2018, our Supreme Court, in **Walker**, **supra**, held that this practice violates Pa.R.A.P. 341.

Specifically, our Supreme Court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." *Walker*, 185 A.3d at 971. The Court concluded that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal. . . .The failure to do so requires the appellate court to quash the appeal." *Id.* at 976-77. *See Commonwealth v. Luciani*, ___ A.3d ___, 2018 WL 6729854 (Pa.Super. filed 12/24/18) (recognizing that, despite the fact charges filed at two separate lower court docket numbers are joined for trial, under *Walker*, *supra*, appellants are required to file separate notices of appeal). The Supreme Court provided that its decision would apply prospectively to appeals filed after June 1, 2018, the date *Walker* was filed.

In the case *sub judice*, Appellant's notice of appeal was filed on July 19, 2018. Although the PCRA court addressed the merits of Appellant's collateral issues in one opinion, under current precedent, our Supreme Court mandates that Appellant was to file a separate notice of appeal for each lower court docket number. Consequently, since Appellant's notice of appeal, which arises from two lower court docket numbers, was filed after *Walker*, we quash the appeal.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/6/19