J-S03026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| QASHIME WAGNER | : | |
| | : | |
| Appellant | : | No. 1796 EDA 2018 |

Appeal from the PCRA Order Entered May 24, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005678-2011,
CP-51-CR-0010755-2011

BEFORE:  BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

JUDGMENT ORDER BY OLSON, J.:                **FILED MARCH 07, 2019**

Appellant, Qashime Wagner, appeals from the order entered on May 24, 2018, dismissing his petition filed pursuant to the Post Conviction Relief Act, 45 Pa.C.S.A. §§ 9541-9546.  We are constrained to quash the appeal.

We briefly summarize the facts and procedural history of this case as follows.  In June 2013, a jury convicted Appellant of two counts of robbery and one count of conspiracy.  On August 1, 2013, the trial court sentenced Appellant to an aggregate term of six to fifteen years of imprisonment.  We affirmed Appellant's judgment of sentence on October 6, 2014.  **See Commonwealth v. Wagner**, 108 A.3d 103 (Pa. Super. 2014) (unpublished memorandum).   Our Supreme Court denied further review.  **See Commonwealth v. Wagner**, 112 A.3d 652 (Pa. 2015).   Appellant filed a timely *pro se* PCRA petition.  The PCRA court appointed counsel who filed an

amended PCRA petition. The PCRA court denied relief by order entered on April 20, 2017. On appeal, we remanded for an evidentiary hearing. ***See Commonwealth v. Wagner***, 1547 EDA 2017 (Pa. Super. 2018). The PCRA court held an evidentiary hearing and denied relief by order entered on May 24, 2018. This timely appeal resulted.

However, we are unable to reach the merits of Appellant's current claim because of a procedural error. In this case, Appellant filed a single notice of appeal from two different trial court docket numbers. A panel of this Court just addressed this issue as follows:

> The Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure provides in relevant part:
>
> > Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).
>
> Pa.R.A.P. 341, Official Note.
>
> Until recently, it was common practice for courts of this Commonwealth to allow appeals to proceed, even if they failed to comply with Pa.R.A.P. 341.
>
> > While our Supreme Court recognized that the practice of appealing multiple orders in a single appeal is discouraged under Pa.R.A.P. 512 (joint appeals), it previously determined that "appellate courts have not generally quashed [such] appeals, provided that the issues involved are nearly identical, no objection to the appeal has been raised, and the period for appeal

> has expired." ***K.H. v. J.R.***, 573 Pa. 481, 826 A.2d 863, 870 (2003) (citation omitted).
>
> ***In the Interest of: P.S.***, 158 A.3d 643, 648 (Pa. Super. 2017) (footnote omitted).
>
> However, on June 1, 2018, our Supreme Court in [***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018)] held that the practice violated Pennsylvania Rule of Appellate Procedure 341, and the failure to file separate notices of appeal for separate dockets must result in quashal of the appeal. ***See Walker***, 185 A.3d at 977. The Court stated unequivocally: "The Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal.... The failure to do so requires the appellate court to quash the appeal." ***Id.*** at 976-977.
>
> Because the mandate in the Official Note was contrary to "decades of case law from this Court and the intermediate appellate courts," the ***Walker*** Court announced that its holding would apply prospectively only. ***Id.*** at 977. Accordingly, ***Walker*** applies to appeals filed after June 1, 2018, the date ***Walker*** was filed. ***Id.***

***Matter of M.P.***, 2019 WL 850581, at *1–2 (Pa. Super. filed February 22, 2019). This Court went on to issue the following order:

> AND NOW, it is ORDERED that all parties seeking review with the Superior Court shall file notices of appeal as mandated by Pennsylvania Rule of Appellate Procedure 341 and ***Commonwealth v. Walker*** []. Failure to comply will result in quashal of the appeal.

***Id*** at *7.

In this case, there is no dispute that Appellant filed a single notice of appeal from an order resolving issues on two trial court dockets. Appellant filed the single notice of appeal on June 22, 2018, clearly after the ***Walker***

decision and, thus, we are constrained under the bright-line rule enunciated therein to quash this appeal.[1]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/19

---

[1] It is well-settled that "the Superior Court is an error correcting court and we are obliged to apply the decisional law as determined by the Supreme Court of Pennsylvania." **Matter of M.P.,** 2019 WL 850581 at *2, *citing* **Commonwealth v. Montini**, 712 A.2d 761, 769 (Pa. Super. 1998).