**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| MICHAEL RICHARD MUSSER | | |
| Appellant | | No. 1012 MDA 2018 |

Appeal from the Judgment of Sentence imposed May 14, 2018
In the Court of Common Pleas of Lancaster County
Criminal Division at Nos: CP-36-CR-0003318-2006,
CP-36-CR-0003862-2015

BEFORE:  STABILE, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                     **FILED MARCH 22, 2019**

Appellant, Michael Richard Musser, appeals from the May 14, 2018 judgments of sentence imposed on two separate dockets in the Court of Common Pleas of Lancaster County following revocation of his probation. Appellant claims his aggregate sentence is manifestly excessive. Because Appellant filed a single notice of appeal rather than separate notices of appeal in violation of Pa.R.A.P. 341, we quash the appeal.

The trial court provided the following background:

On January 29, 2018, [Appellant] was charged [with] an ungraded misdemeanor offense of [] possession of a controlled substance. At that time, [Appellant] was serving probation sentences on Docket Number 3318-2006 for one count of criminal trespass, and

_____

* Former Justice specially assigned to the Superior Court.

J-S81005-18

on Docket Number 3862-2015 for one of forgery, ten counts of theft by unlawful taking, and one count of access device fraud. On February 23, 2018, [Appellant] appeared before the court for a probation violation hearing. Due to [Appellant's] new charge, and two additional technical violations, [Appellant] was found to be in violation of his probation on each docket and his probation was revoked. Sentence was deferred and a pre-sentence investigation report was ordered.

On May 14, 2018, a sentencing hearing was held before this court on [Appellant's] violations. On Docket Number 3318-2006, [Appellant] was sentenced to a period of three to six years' incarceration in a state correctional institution. On Docket Number[] 3862-2015, [Appellant] was sentenced as follows: Count 1, two and one-half to five years' incarceration; Counts 27-30, 32, 35-37, 42 and 48, one and one-half to three years' incarceration; and Count 51, two and one-half to five years' incarceration, in a state correctional institutional The sentences were made to run concurrent with each other, and concurrent with Docket Number 3318-2006. Thus, [Appellant] received an aggregate sentence of three to six years' incarceration in a state correctional institution.

Trial Court Opinion, 8/23/18, at 1-2 (footnotes, parentheticals, and some capitalization omitted).

On May 18, 2018, Appellant filed a timely post-sentence motion. On June 13, 2018, he filed a single notice of appeal to this Court listing both docket numbers. Before we can consider the merits, if any, of Appellant's excessive sentence claim, we must determine whether this appeal is properly before us.

In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court recognized that the "Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal. . . . The failure to do so requires the appellate court to quash the appeal." **Id.** at

- 2 -

976-77.[1]  However, the Court determined that the failure to file separate notices of appeal would result in quashal only for appeals filed after the date of that decision, *i.e.*, June 1, 2018.  The instant appeal was filed on June 13, 2018, almost two weeks after the Supreme Court's decision in ***Walker***. Therefore, ***Walker*** governs.

On August 27, 2018, counsel for Appellant and counsel for the Commonwealth filed a Stipulation of Counsel to Consolidate Appeals.  In that stipulation, counsel acknowledged that Appellant filed a "joint notice of appeal . . . from the combined probation violation sentences."  Stipulation, 8/27/18, at ¶ 5 (capitalization omitted).  Counsel stipulated "that, although the above-captioned appeal should originally have been filed as two separate appeals, one for each information number, the appeals should properly be consolidated and argued together in all particulars as if but a single appeal."  ***Id.*** at ¶ 6 (capitalization omitted).  By order entered August 29, 2018, we denied the stipulation to consolidate, noting there was only one appeal filed and, therefore, nothing to consolidate.

On September 25, 2018, this Court issued an order directing Appellant to show cause why the appeal should not be quashed pursuant to ***Walker***.

---

[1] ***See*** Pa.R.A.P. 341 (Note: "Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).")

Appellant did not file a response. By order entered October 29, 2018, this Court entered an order discharging the rule to show case, explaining that Appellant did not file a response to the rule to show cause and that the issue would be referred to this merits panel.

In his brief filed with this Court, Appellant acknowledged **Walker**, its prospective requirement for separate notices of appeal from orders resolving issues arising on more than one lower court docket, and its direction that the failure to file separate notices of appeal "will result in quashal of the appeal." Appellant's Brief at 15, quoting **Walker**, 185 A.3d at 977. Appellant even acknowledged that "[a] literal application of the [Note to Rule 341] would appear to apply to [] Appellant's appeal." **Id.** Nevertheless, Appellant suggests that application of the rule "makes little sense and would result in undue hardship for a criminal defendant who, if not proceeding *in forma pauperis*, would be required to pay multiple filings fees for separate appeals." Appellant's Brief at 15-16.

Appellant would have us create an exception to **Walker** despite our Supreme Court's mandate that failure to file separate notices in accordance with the Official Note to Rule 341(a) "**will** result in quashal of the appeal." **Walker**, 185 A.3d at 977 (emphasis added). The Supreme Court did not carve out any exceptions and we have no authority to do so. Therefore, we must quash the appeal.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2019