J-S19015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
STEVEN BURNS :
:
Appellant : No. 1911 EDA 2018

Appeal from the PCRA Order Entered June 20, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008633-2013,
CP-51-CR-0008635-2013

BEFORE: LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.: **FILED APRIL 30, 2019**

Steven Burns appeals from the trial court's June 20, 2018 order that denied his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we are constrained to quash this appeal.

The PCRA court summarized the procedural history as follows:

On March 12, 2013, [Burns] and co-defendant, Rodney Smith, forced their way into the home of Melissa Mulligan, demanded money and proceeded to ransack her house. When she was unable to produce any money, [Burns] threatened to kill her and her four-year-old son, forced her to lie face down on the floor and discharged his gun at her twice in the presence of the terrorized four-year-old child. The police arrived at the scene and knocked on the door interrupting [Burns'] game of Russian Roulette. Both [Burns] and Smith ran out the back but quickly realized they were cornered. [Burns] resisted arrest when the officers attempted to handcuff him and he hit an officer in the face with the handcuffs causing a laceration to the officer. [Burns] had a prior conviction for robbery, was on parole and was prohibited from owning or

_____
* Retired Senior Judge assigned to the Superior Court.

being near a firearm, whether operable or not, at the time of these crimes.

On January, 15, 2014, [Burns] entered an open guilty plea before the Honorable Robert Coleman for attempted murder, aggravated assault, robbery, burglary, conspiracy to commit robbery, carrying a firearm as a person not to possess firearms, possession of an instrument of crime and simple assault. On March 18, 2014, [Burns] was sentenced to an aggregate term of 21 to 42 years['] state incarceration. [Burns] filed a post-sentence motion seeking reconsideration of his sentence which was denied by operation of law. On July 25, 2014, [Burns] filed an appeal with the Superior Court of Pennsylvania arguing, amongst other claims, that his guilty plea was involuntary and coerced by the trial court and that the sentence for aggravated assault should have merged with his sentence for attempted murder. On March 2, 2016, [Burns' judgment of sentence] was affirmed in part and vacated in part. Specifically, the Superior Court vacated [Burns'] sentence for aggravated assault, however, the Court did not remand for resentencing because it determined that the sentencing scheme was not disrupted. The Court affirmed [Burns'] judgment of sentence on all other issues raised.

On March 29, 2016, [Burns] filed his first timely *pro se* PCRA petition. On July 8, 2016, [Burns] filed a supplemental *pro se* petition. On February 8, 2017, John Cotter, Esquire, was assigned to represent [Burns]. Mr. Cotter filed an amended petition on behalf of [Burns] on February 24, 2017. On August 19, 2017, the Commonwealth filed a motion to dismiss [Burns'] PCRA petition. After [a] thorough review of the record and the above[-]document, [the PCRA court] sent [Burns] a [Pa.R.Crim.P.] 907 notice of intent to dismiss on May 22, 2018. Counsel replied to this notice on May 24, 2018[,] noting his objection only to [the PCRA court's] denial of [Burns'] request to file a supplemental amended PCRA petition alleging that [Burns] did not get proper credit for time-served. On June 20, 2018, [the PCRA court] dismissed [Burns'] PCRA petition as without merit. On June 25, 2018, [Burns] appealed the dismissal [to] the Pennsylvania Superior Court.

Trial Court Opinion, 10/31/18, at 1-3 (footnotes omitted).

Before we can delve into the merits of Burns' appeal, we must address the fact that he filed a single notice of appeal from an order that resolved issues arising on two different docket numbers.[1] Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as a right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a)." *Commonwealth v. Walker*, 185 A.3d 969, 976 (Pa. 2018). The Official Note now reads:

> Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. *Commonwealth v. C.M.K.*, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

In *Walker,* our Supreme Court construed the above language as a "bright-line" rule that mandated practitioners "file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." *Walker*, 185 A.3d at 977. This mandate applies to all appeals filed after June 1, 2018. *See id.*; *Commonwealth v. Williams*, 2019 PA Super 81 (Pa. Super. 2019) (holding

---

[1] In case CP-51-CR0008633-2013, the trial court sentenced Burns for attempted murder, 18 Pa.C.S.A. § 901, aggravated assault, 18 Pa.C.S.A. § 2702, burglary, 18 Pa.C.S.A. § 3502, and possession of firearm, 18 Pa.C.S.A. § 6105. In case CP-51-CR0008635-2013, the trial court sentenced Burns for simple assault, 18 Pa.C.S.A. § 2701.

that Rule 341(a) requires practitioners file separate notices of appeal in PCRA appeals involving more than one docket number); *see also In re M.P.*, 2019 PA Super 55 (Pa. Super. 2019) (holding that "all litigants who seek appellate review with this Court—whether in criminal, civil, or family cases—that *Walker* is the law of the Commonwealth" and separate notices of appeal are required). However, the Supreme Court tempered the harshness of its ruling by making its ruling prospective only. *Walker*, 185 A.3d at 77. Accordingly, the *Walker* Court directed that "in future cases Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." *Id.*

*Walker* was filed on June 1, 2018. Here, Burns' notice of appeal containing two docket numbers was hand dated June 25, 2018. The Clerk of Courts time-stamped the notice of appeal on June 26, 2018. Burns filed his non-compliant notice of appeal after the *Walker* decision. Therefore, we must quash this appeal in accordance with Rule 341 and *Walker*.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/19

- 4 -