J-A16012-19

2019 PA Super 228

| | | |
|---|---|---|
| C.T.E. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D.S.E. | : | |
| | : | |
| Appellant | : | No. 120 MDA 2019 |
| | : | |
| _____ | : | |
| | : | |
| D.S.E. | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| C.T.E. | | |

Appeal from the Order Entered December 4, 2018
In the Court of Common Pleas of Schuylkill County Domestic Relations at
No(s):  2016-50628,
2016-50682, PACSES 241115910,
PACSES 699115940

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS*, P.J.E.

OPINION BY LAZARUS, J.:                    **FILED: JULY 26, 2019**

D.S.E. ("Husband") appeals from the order, entered in the Court of Common Pleas of Schuylkill County, denying his exceptions to the support order entered by the trial court on September 26, 2018.  In accordance with

_____

*   Former Justice specially assigned to the Superior Court.

our Supreme Court's decision in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), we quash the appeal.[1]

On May 4, 2016, C.T.E. ("Wife") filed a complaint for child support and alimony *pendente lite* at docket number 2016-50628.[2] On May 26, 2016, Husband filed a counterclaim for alimony *pendente lite* at docket number 2016-50682. Following a support conference held on May 26, 2016, the hearing officer entered two recommended orders: one dismissing Husband's claim for alimony *pendente lite* and another requiring Husband to pay child support to Wife in the amount of $545.80 per month.

Husband filed a demand for a hearing at both docket numbers. On July 11, 2016, in response to a motion filed by Wife, the trial court entered an order designating as complex the matter at docket number 2016-50682.[3] On October 19, 2016, Wife filed a motion to compel discovery at docket number 2016-50682. By order dated November 16, 2016, the trial court granted that motion and ordered Husband to "completely and without objection answer [Wife's] discovery requests within twenty (20) days . . . or be subject to sanctions upon further application to [the court]." Trial Court Order, Docket

---

[1] On February 8, 2019, this Court issued a rule to show cause directing Husband to show cause why his appeal should not be quashed pursuant to *Walker*. Husband filed a response and, on March 14, 2019, the rule was discharged and the issue referred to the merits panel for disposition.

[2] Wife subsequently withdrew her claim for alimony *pendente lite*.

[3] Wife also filed a "Motion to Designate As a Complex Case" at docket number 2016-50628, but the trial court did not enter an order disposing of that motion.

No. 2016-50682, 11/16/16. On December 15, 2016, Wife filed a motion for sanctions, alleging that Husband's discovery production "remains so incomplete as to be effectively non-responsive[.]" Motion to Compel, Docket No. 2016-50682, 12/15/16. By order dated January 6, 2017, the trial court granted Wife's motion, awarding Wife attorney's fees, costs and expenses in the amount of $1,050.00 and deeming Husband's income for purposes of the support actions at $4,388.00 per month.

After a hearing held on February 22, 2017, the court entered two orders on March 2, 2017. The first, at docket number 2016-50682, dismissed Husband's petition for alimony *pendente lite*, effective May 26, 2016. The other order, at docket number 2016-50628, directed Husband to pay child support in the monthly sum of $1,232.00, plus arrearages, effective May 4, 2016. On March 21, 2017, Husband filed exceptions at both docket numbers. On June 13, 2017, by orders entered at both docket numbers, the trial court overruled Husband's exceptions.

On July 10, 2017, Husband filed a notice of appeal to this Court. By memorandum decision dated March 27, 2018, we affirmed in part and vacated in part, remanding to the trial court "for the limited purpose of allowing the trial court to clarify whether the income specified for Husband in the January 2017 discovery sanction order was gross or net and to allow any necessary recalculation of the child support award as a result of that clarification." *C.T.E. v. D.S.E.*, 1107 MDA 2017 (Pa. Super. filed 3/27/18) (unpublished

memorandum decision).   On May 10, 2018,[4] the trial court entered orders at both docket numbers remanding the matter to the master for a determination in accordance with this Court's directive.

On May 29, 2018, Wife filed a motion at docket number 2016-50628 seeking modification of the existing support order because her income had "substantially decreased."   Petition for Modification of an Existing Support Order, Docket No. 2016-50628, 5/29/18, at ¶ 4.   On June 25, 2018, the master issued an order recommending that the petition for modification be dismissed, as the remand clarification addressing "the same matter and time frame" remained pending.   Order, Docket No. 2016-50628, 6/25/18.   Wife filed a request for a hearing *de novo*, to be consolidated with the remand proceedings.   On July 25, 2018, the court granted that request.   A hearing was held on August 30, 2018 and the parties thereafter submitted proposed finding of fact and conclusions of law.

On September 26, 2018, the court issued an order, filed at both docket numbers, directing Husband to pay Wife the sum of $1,149.00 per month in child support and dismissing Husband's request for alimony *pendente lite*.   The order was based upon the recommendation of the master, who found Husband's monthly net income to be $4,388.00.   Husband filed exceptions to the master's report and recommendation on October 15, 2018, which the

---

[4] The trial court orders appear to have been misdated as having been entered on May 10, 2017.   However, it is obvious that the orders were entered in response to this Court's directive and, accordingly, would have been filed in 2018 following our remand.

court overruled by order dated December 4, 2018, filed at both docket numbers.

On January 3, 2019, Husband filed a single, timely notice of appeal listing both docket numbers, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Prior to reviewing the merits of Husband's appeal, we must address the fact that he filed a single notice of appeal from an order resolving issues relating to two different docket numbers. The Official Note to Pennsylvania Rule of Appellate Procedure 341 provides as follows:

> Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

Recently, in ***Walker***, our Supreme Court construed the above language as constituting "a bright-line mandatory instruction to practitioners to file separate notices of appeal." ***Id.*** at 976-77. Therefore, the ***Walker*** Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." ***Id.*** at 977. The Court tempered its holding by making it prospective only, recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while

- 5 -

disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." *Id.* Accordingly, the *Walker* Court directed that "in future cases Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. <u>The failure to do so will result in quashal of the appeal</u>." *Id.* (emphasis added).

The *Walker* opinion was filed on June 1, 2018. Husband's notice of appeal, referencing two docket numbers, was filed in the Schuylkill County Court of Common Pleas on January 3, 2019, well after *Walker* was issued. In light of this fact, we are compelled to quash this appeal in accordance with Rule 341 and *Walker*.[5]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/26/2019</u>

---

[5] In his response to this Court's rule to show cause, Husband argued that his appeal should not be quashed because the two docket numbers have always been "consolidated and treated as one." Response to Rule to Show Cause, 2/19/19, at ¶ 2. However, as noted above, *Walker* created a bright-line rule requiring that, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal <u>must</u> be filed" and that "[t]he failure to do so <u>will result</u> in quashal of the appeal." *Walker*, 185 A.3d at 977 (emphasis added). Accordingly, this Court is bound to quash Husband's appeal.

- 6 -