J-S29027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IRA IVAN | : | |
| | : | |
| Appellant | : | No. 2917 EDA 2018 |

Appeal from the PCRA Order Entered August 24, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002963-2012,
CP-51-CR-0002965-2012

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:          **FILED SEPTEMBER 06, 2019**

Ira Ivan appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We quash the appeal.

On June 26, 2013, Ivan was convicted, in a nonjury trial, of two counts each of attempted murder, reckless endangerment of another person, conspiracy and possessing an instrument of crime.  The charges stemmed from a shooting that occurred in the context of a dispute between two groups of people arising from a derogatory comment made by a member of one group to the girlfriend of a member of the second group.  On September 4, 2013, the trial court sentenced Ivan to an aggregate term of 25½ to 51 years' imprisonment.  This Court affirmed Ivan's judgment of sentence by

memorandum decision dated December 18, 2014, and our Supreme Court denied allowance of appeal on March 31, 2015.

On March 2, 2016, Ivan filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition asserting claims relating to the alleged ineffectiveness of trial and appellate counsel. After a hearing, the court denied relief by order dated August 24, 2018. Ivan filed a timely notice of appeal on September 15, 2018.

Prior to addressing the merits of Ivan's appeal, we must address the fact that he filed a single notice of appeal from an order resolving issues relating to two different docket numbers. The Official Note to Pennsylvania Rule of Appellate Procedure 341 provides as follows:

> Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

In ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), our Supreme Court construed the above language as constituting "a bright-line mandatory instruction to practitioners to file separate notices of appeal." ***Id.*** at 976-77. Therefore, the ***Walker*** Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." ***Id.*** at 977. The Court tempered its holding by making it

prospective only, recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." *Id.* Accordingly, the *Walker* Court directed that "in future cases Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." *Id.* (emphasis added).

The *Walker* opinion was filed on June 1, 2018. Ivan's counseled notice of appeal, referencing two docket numbers, was filed in the Philadelphia Court of Common Pleas on September 15, 2018, more than three months after *Walker* was issued. In light of this fact, we are compelled to quash this appeal in accordance with Rule 341 and *Walker*.

Appeal quashed. Jurisdiction relinquished.

President Judge Emeritus Bender joins the Memorandum.

President Judge Emeritus Ford Elliott notes her dissent.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/6/19