J-A18021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALWAYS BUSY CONSULTING, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BABFORD & COMPANY, INC. | : | No. 94 WDA 2019 |
| BABFORD & COMPANY, INC. | : | |
| v. | : | |
| | : | |
| | : | |
| ALWAYS BUSY CONSULTING, LLC | : | |
| | : | |
| Appellant | : | |

Appeal from the Order Entered December 28, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-18-005205,
GD-18-005466

| | | |
|---|---|---|
| ALWAYS BUSY CONSULTING, LLC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BABFORD & COMPANY, INC. | : | No. 330 WDA 2019 |
| BABFORD & COMPANY, INC. | : | |
| v. | : | |
| | : | |
| | : | |
| ALWAYS BUSY CONSULTING, LLC | : | |
| | : | |
| Appellant | : | |

Appeal from the Judgment Entered January 31, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-18-005205 & GD-18-005466

| ALWAYS BUSY CONSULTING, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BABFORD & COMPANY, INC. | : | No. 387 WDA 2019 |
| BABFORD & COMPANY, INC. | : | |
| v. | : | |
| | : | |
| | : | |
| ALWAYS BUSY CONSULTING, LLC | : | |
| | : | |
| Appellant | : | |

Appeal from the Judgment Entered February 26, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-18-005205,
GD-18-005466

BEFORE: BENDER, P.J.E., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.: **FILED SEPTEMBER 06, 2019**

Appellant Always Busy Consulting, LLC, appeals from the judgments in favor of Appellee Babford & Company, Inc. For the reasons set forth below, we quash.

The background facts of this matter are not relevant to our disposition. Simply, an arbitrator heard the parties' contractual payment dispute and ruled in favor of Appellee and against Appellant. Appellant filed a petition to vacate or modify the arbitration award with the trial court at docket no. GD-18-5205. Appellee filed a petition to confirm arbitration award with the trial court at docket no. GD-18-5466. The parties filed a joint motion to consolidate the two cases, which the trial court granted by ordering that the two dockets were

- 2 -

consolidated and the lead docket for filing purposes is docket no. GD-18-5205. Order, 6/26/18.  On December 28, 2018, the trial court denied Appellant's petition to vacate and confirmed the arbitration award.[1]  Order, 12/28/18.

At docket no. GD-18-5205, on January 10, 2019, Appellant filed a premature notice of appeal that included both docket numbers.  Appellant did not file a notice of appeal at docket no. GD-18-5466.  On January 31, 2019, the trial court subsequently entered judgment at docket no. GD-18-5205, perfecting Appellant's premature appeal.

Nonetheless, on February 25, 2019, Appellant again filed a notice of appeal at docket no. GD-18-5205, which included both docket numbers. Appellant did not file a notice of appeal at docket no. GD-18-5466.

Meanwhile, on February 8, 2019, Appellee apparently filed a motion for entry of order clarifying amount of judgment and to request ruling on a pending petition for fees/costs ancillary to appeal.[2]  On February 25, 2019, the trial court granted Appellee's motion and amended the judgment to incorporate counsel fees.  Order, 2/26/19.  On March 7, 2019, Appellant filed a single notice of appeal at docket no. GD-18-5205, listing both docket numbers, from the February 26, 2019 judgment.  We again note that the

_____

[1] The trial court's order did not specifically grant Appellee's petition to confirm the arbitration award.

[2] Neither the docket nor the certified record transmitted to this Court reflect the motion.  However, neither the parties nor the trial court dispute the motion's existence.

docket at GD-18-5466 does not reflect the filing of any of Appellant's three notices of appeal.

In the meantime, this Court issued a rule to show cause as to why the appeal should not be quashed under **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), because the Pennsylvania Supreme Court has mandated "that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." Order, 2/15/19. In response, Appellant insisted it filed a notice of appeal from the trial court's January 31, 2019 judgment and refers this Court to an attached copy of the GD-18-**5205** docket verifying the filing. On March 12, 2019, this Court discharged the rule and referred the issue to this panel.

Initially, we address Appellant's decision to file a single notice of appeal listing both docket numbers, but filed only at docket no. GD-18-5205, and not at docket no. GD-18-5466.

> The Official Note to Pennsylvania Rule of Appellate Procedure 341 provides as follows:
>
> > Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).
>
> Pa.R.A.P. 341, Official Note.

> Recently, in ***Walker***, our Supreme Court construed the above language as constituting "a bright-line mandatory instruction to practitioners to file separate notices of appeal." ***Walker,*** 185 A.3d at 976-77.  Therefore, the ***Walker*** Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket.  The failure to do so requires the appellate court to quash the appeal." ***Id.*** at 977.   The Court tempered its holding by making it prospective only, recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." ***Id.***  Accordingly, the Walker Court directed that "in future cases Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed.  **The failure to do so will result in quashal of the appeal**." ***Id.*** (emphasis added).

***C.T.E. v. D.S.E.***, \_\_\_ A.3d \_\_\_, 2019 PA Super 228, 2019 WL 3369078, \*2

(Pa. Super. filed July 26, 2019).

Here, the trial court's judgment resolved Appellant's petition to vacate or modify the arbitration award filed at docket no. GD-18-5205, as well as Appellee's petition to confirm arbitration award at docket no. GD-18-5466. Although the trial court consolidated the two cases generally, Appellant failed to file a notice of appeal at docket no. GD-18-5466.  Because we are constrained by the strict holding of ***Walker***, we reluctantly quash the appeal.

***See C.T.E.***, 2019 WL 3369078 at \*2.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/6/2019</u>