J-S50028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: A.E.-M., A MINOR IN THE INTEREST OF: A.I.E.-M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.E.-M., BIOLOGICAL FATHER | : | |
| | : | |
| | : | |
| | : | No. 504 WDA 2019 |

Appeal from the Order Dated March 15, 2019
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s): CP-02-AP-0000089-2018,
CP-02-AP-0000219-2017

| | | |
|---|---|---|
| IN THE INTEREST OF: A.E.-M., A MINOR IN THE INTEREST OF: A.I.E.-M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.E.-M., BIOLOGICAL FATHER | : | |
| | : | |
| | : | |
| | : | No. 531 WDA 2019 |

Appeal from the Order Dated March 15, 2019
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s): CP-02-AP-0000089-2018,
CP-02-AP-0000219-2017

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.*

MEMORANDUM BY MURRAY, J.:                          **FILED NOVEMBER 13, 2019**

In these consolidated appeals, M.E.-M. (Father) appeals from the orders

involuntarily terminating his parental rights to his minor children, A.E.-M.

_____

* Retired Senior Judge assigned to the Superior Court.

(born June 2010) and A.I.E.-M. (born July 2016) (Children) pursuant to 23 Pa.C.S.A § 2511(a)(1), (2), (5), (8), and (b) of the Adoption Act.[1] After careful review, we are constrained to quash.[2]

We adopt the following statement of facts from the trial court opinion. *See* Trial Court Opinion, 6/3/19, at 1-7. The family first came to the attention of the Allegheny County Office of Children, Youth and Families (CYF) on August 1, 2014, due to CYF's concerns regarding medical neglect, domestic violence, substance abuse, and mental health.

On August 8, 2014, Children were removed from the home following a pediatrician's visit during which the sibling, N.E.-M.,[3] had lost so much weight that he was admitted to the hospital with a diagnosis of failure to thrive. Father admitted to taking Xanax on that day. Additionally, Father was found to be in possession of a prescription bottle which had been filled for sixty pills on July 24, 2014, but had only sixteen pills remaining. Upon leaving the

---

[1] That same day, the court terminated the parental rights of M.P. (Mother). Mother has appealed the termination of her parental rights and we address her issues in a separate memorandum.

[2] As noted in footnote 1, we have issued a memorandum addressing the merits of Mother's appeal and affirming the trial court; even if we did not quash Father's appeal, we would affirm the termination of Father's parental rights on the merits.

[3] Mother's and Father's parental rights to N.E.-M. were involuntarily terminated in January 2018, and he was adopted in September 2018. *See* N.T., 3/15/19, at 5. N.E.-M. has no involvement in this case.

appointment, Father had a violent outburst and punched a door. At that time, Mother was hospitalized in a coma, reportedly due to domestic violence.

At a shelter care hearing on August 11, 2014, the court appointed Susan Abramowich, Esquire, as guardian *ad litem*. On September 24, 2014, following a hearing, A.E.-M. was adjudicated dependent. A.E.-M. was placed with foster parents, who wish to adopt him. A.I.E.-M., who was born in August 2016, was removed from his parents' care at birth and adjudicated dependent. A.I.E.-M. was eventually placed with his paternal aunt, H.E.-M., who wishes to adopt him. Permanency review hearings were held in December 2014, April 2015, July 2015, December 2015, March 2016, August 2016, January 2017, April 2017, August 2017, October 2017, and February 2018. In February 2018, the court entered an aggravated circumstances order against Father as his parental rights to another child, N.E.-M., had been terminated.

In December 2017, CYF filed a petition to involuntarily terminate Father's parental rights to A.I.E.-M; in April 2018, CYF filed a petition to involuntarily terminate Father's parental rights to A.E.-M. Further permanency review hearings were held in May 2018 and October 2018. On March 22, 2019, following hearings on May 30, 2018, and February 1, 2019, and by orders dated March 15, 2019, and entered March 22, 2019, the court terminated Father's parental rights.

On April 5, 2019, Father timely filed a notice of appeal and statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b), docketed at 504 WDA 2019, and listing the trial court docket numbers for both

Children.  On April 10, 2019, this Court issued a rule to show cause directing

Father to explain why the Court should not quash the appeal based on our

Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa.

2018) (holding that "where a single order resolves issues arising on more than

one docket, separate notices of appeal must be filed for each of those cases").

**See** Order – Rule to Show Cause, 4/10/19.  Father did not respond to the

notice, but subsequently filed a notice of appeal, docketed at 531 WDA 2019,

which listed the trial court docket numbers for both Children.  Father made no

reference to the two appeals being related.  By order dated August 16, 2019,

this Court discharged the rule to show cause and referred the **Walker** issue

to the merits panel.

We begin with the procedural defect relating to **Walker**.  The Official

Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure provides,

in relevant part:

> Where, however, one or more orders resolves issues arising on
> more than one docket or relating to more than one judgment,
> separate notices of appeals must be filed.  **Commonwealth v.
> C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing
> appeal taken by single notice of appeal from order on remand for
> consideration under Pa.R.Crim.P. 607 of two persons' judgments
> of sentence).

Pa.R.A.P. 341, Official Note.  Until recently, it was common practice for courts

of this Commonwealth to allow appeals to proceed, even if they failed to

conform with Rule 341.  **See**, **e.g.**, **In the Interest of P.S.**, 158 A.3d 643,

648 (Pa. Super. 2017) (noting common practice to allow appeals to proceed

if the issues involved are nearly identical, no objection has been raised, and the period for appeal has expired).

In **Walker**, however, our Supreme Court held – unequivocally – that "prospectively, where a single order resolves issues arising on more than one docket**, separate notices of appeal must be filed for each case**." **Id**. at 971 (emphasis added).  The Supreme Court observed that the Official Note to Rule 341 of the Pennsylvania Rules of Appellate Procedure "provides a bright-line mandatory instruction to practitioners to file separate notices of appeal," and accordingly, determined that "**the failure to do so requires the appellate court to quash the appeal**." **Id**. at 976-77 (emphasis added). Because this mandate was contrary to decades of case law, the Supreme Court specified that the requirement would apply only to appeals filed after June 1, 2018, the date **Walker** was filed.  **Id.**; **see also In re: M.P.**, 204 A.3d 976 (Pa. Super. 2019) (filed February 22, 2019).

Here, **Walker** applies because Father's appeal was filed after the **Walker** decision and does not fall within the parameters of **M.P.**  Father filed only one notice of appeal, despite the fact that the case involves two children, and he listed the docket numbers from the trial court for both children on the one notice of appeal.  Our Supreme Court mandates that Father file a separate notice of appeal for each lower court docket number.  Father did not respond to the rule to show cause, but instead, filed a second notice of appeal in an attempt to correct the defect; the second notice of appeal also lists both trial court docket numbers for the two children.  Thus, we are constrained to quash

the appeals. *See Commonwealth v. Creese*, --- A.3d ---, 2019 Pa. Super. 241 (Pa. Super. 2019) (holding that pursuant to *Walker*, appeals must be quashed when notices of appeal list multiple trial court docket numbers).

Appeals quashed.

Judge Colins joins the memorandum.

Judge Lazarus concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2019