J-S51045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSE A. VARGAS, | : | |
| | : | |
| Appellant | : | No. 1620 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 29, 2018
in the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0001250-2017,
CP-06-CR-0001251-2017

BEFORE:  PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 27, 2019**

Jose A. Vargas ("Vargas") appeals from the judgment of sentence entered following his conviction of possession of a controlled substance, possession with intent to deliver a controlled substance, and delivery of a controlled substance.[1]  We quash the appeal.

In its Opinion, the trial court briefly described the facts underlying the instant appeal as follows:

> On October 4, 2017, and October 26, 2017, a Berks County Undercover Detective ("[UC]") was provided with pre-recorded U.S. currency for the purpose of engaging in undercover drug purchases along with an unnamed Confidential Source (hereinafter "CS").  On both dates, the CS and the [UD] contacted [Vargas] on Penn Street in the City of Reading[,] and asked [Vargas] to purchase drugs for the [UD].

*          *          *

_____

[1] **See** 35 P.S. § 780-113(a)(16), (30).

Eventually, [Vargas] procured and retrieved the requested drugs from a location nearby. In exchange, [Vargas] received ten dollars ($10), which he[,] in turn[,] used to buy himself drugs.

Trial Court Opinion, 5/6/19, at 1. The four packets delivered by Vargas were determined to contain heroin.

A jury convicted Vargas of the above-described charges. Vargas's convictions were listed under two separate docket numbers: CP-06-CR-0001250-2017 and CP-06-CR-0001251-2017. The trial court subsequently sentenced Vargas to an aggregate term of 21 months to five years in prison, followed by two years of probation. Thereafter, Vargas filed two Notices of Appeal. Each Notice of Appeal listed both docket numbers, but a check mark was placed next to the docket number of the respective appeal. Vargas also filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Initially, only one of Vargas's Notices of Appeal was forwarded to this Court. Consequently, on November 19, 2018, this Court issued a Rule to Show Cause for Vargas to explain why we should not quash the appeal based on our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969, 971 (2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases."). **See** Order, filed 11/19/18. Counsel for Vargas filed a response to the Rule, explaining that he had filed two identical Notices of Appeal bearing the two trial court docket numbers. Counsel attached the

Notices of Appeal, which reflected that a different trial court docket number was checked in the caption for each Notice of Appeal. This Court discharged the Rule to Show Cause and referred the matter to the merits panel.

Before addressing Vargas's substantive claims, we first must determine whether Vargas's Notices of Appeal comply with Pa.R.A.P. 341 and our Supreme Court's decision in **Walker**. The Official Note to Pa.R.A.P. 341(a) provides, in relevant part, as follows:

> Where...one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

On June 1, 2018, in **Walker**, our Supreme Court held that pursuant to Rule 341, "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Walker**, 185 A.3d at 971. Our Supreme Court concluded that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal.... The failure to do so requires the appellate court to quash the appeal." **Id.** at 976-77. Our Supreme Court applied its holding prospectively to appeals filed after June 1, 2018.

Subsequently, in **Commonwealth v. Creese**, 2019 PA Super 241, 2019, Pa. Super. LEXIS 795 (2019), a three-judge panel of this Court quashed an appeal, where the appellant had filed a notice of appeal listing four docket

numbers, that was simply photocopied and placed in each record. In quashing the appeal, the panel stated the following:

> We read our Supreme Court's decision in **Walker** as instructing that we may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case. **Instead, a notice of appeal may contain only one docket number.** We recognize the severity of this application. However, if we consistently apply **Walker** by quashing any notice of appeal filed after June 1, 2018 that contains more than one docket number, consistent with **Walker**, and regardless of what occurred in the actual filing of that notice of appeal below, it will ultimately benefit appellants and counsel by providing clear guidance on how to satisfy **Walker** and Rule 341(a). Conversely, if we create exceptions to Rule 341 and **Walker** to avoid a harsh result, we will return to a scenario that the amendment to the Official Note and **Walker** sought to abrogate. In addition, we will do a disservice to appellants and counsel by applying the rule in a manner that is both confusing and inconsistent, the latter of which would be patently unfair.

**Creese**, 2019 PA Super 241, 2019 Pa. Super. LEXIS 795, *5 (emphasis added).

Our review discloses that Vargas filed two identical Notices of Appeal listing **both lower court docket numbers**, but with a check mark placed after the respective docket number for that appeal. Consistent with the foregoing precedent,[2] Vargas has failed to comply with Pa.R.A.P. 341(a) and

_____

[2] It is well established that one three-judge Superior Court panel cannot overrule another. **Commonwealth v. Taggart**, 997 A.2d 1189, 1201 n.16 (Pa. Super. 2010). This action must come, if at all, from an _en banc_ panel of this Court or the Pennsylvania Supreme Court. **Commonwealth v. Shaffer**, 177 A.3d 241, 246 (Pa. Super. 2017).

our Supreme Court's decision in **Walker**. Consequently, we are constrained to quash the instant appeal.

Appeal Quashed.

President Judge Panella joins the memorandum.

P.J.E. Gantman notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/2019