J-S64023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID PATERSON | : | |
| | : | |
| Appellant | : | No. 540 WDA 2019 |

Appeal from the PCRA Order Entered March 27, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0014198-2015

BEFORE: BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED DECEMBER 3, 2019**

David Paterson appeals, *pro se*, from the order, entered in the Court of Common Pleas of Allegheny County, denying as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We quash.

The bulk of the procedural history of this matter is irrelevant to our disposition of this appeal. On March 21, 2016, Paterson entered a negotiated guilty plea to multiple counts of rape and incest of a minor at two different docket numbers. On August 29, 2016, the trial court sentenced Paterson to an aggregate term of 10 to 20 years' incarceration, followed by 10 years of probation. Post-sentence motions were denied and Paterson timely appealed. He withdrew his appeal on January 12, 2017.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Paterson filed the instant PCRA petition, his second, on February 4, 2019. The court dismissed the petition as untimely by order dated March 27, 2019. Paterson filed a single notice of appeal, listing both docket numbers, on April 9, 2019. On April 10, 2019, the court ordered Paterson to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Paterson did not file a Rule 1925(b) statement.

Paterson raises the following question for our review: "Whether the PCRA court erred in denying [Paterson] relief?" Brief of Appellant, at 4.

Prior to addressing the merits of Paterson's claim, we must address the fact that he filed a single notice of appeal from an order that resolved issues relating to two different docket numbers. Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a)[.]" ***Commonwealth v. Walker***, 185 A.3d 969, 976 (Pa. 2018). The Official Note now reads:

> Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

In ***Walker***, our Supreme Court construed the above-language as constituting "a bright-line mandatory instruction to practitioners to file

separate notices of appeal." ***Walker***, 185 A.3d at 976-77. Therefore, "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." ***Id.*** at 977. However, the Court tempered its holding by making it prospective only, recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." ***Id.*** Accordingly, the ***Walker*** Court directed that "in future cases Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. *The failure to do so will result in quashal of the appeal*." ***Id.*** (emphasis added).

The ***Walker*** opinion was filed on June 1, 2018. Paterson's *pro se* notice of appeal containing two docket numbers was filed on April 9, 2019. Accordingly, we are required to quash this appeal in accordance with Rule 341 and ***Walker***.[1]

Appeal quashed.

---

[1] Even if we did not quash Paterson's appeal pursuant to ***Walker***, we would find his appellate claim waived for failure to comply with the PCRA court's order directing him to file a Rule 1925(b) statement. ***See Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998) (to preserve claim for appellate review, defendant must comply whenever trial court orders filing of statement of errors complained of on appeal).

Judge Bowes joins this Memorandum.

Judge Pellegrini concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/2019