J-A24013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN NEELD AND ALISON NEELD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PASQUALE MASCARO AND JOSH | : | No. 1220 EDA 2019 |
| SCHOFIELD | : | |

Appeal from the Judgment Entered April 12, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2014-01570

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JANUARY 31, 2020**

Appellants, John and Alison Neeld, appeal from the trial court's April 12, 2019 orders entering summary judgments in favor of Appellees, Pasquale Mascaro and Josh Shofield.  After careful review, we are compelled to quash.

The trial court detailed the pertinent facts and procedural history of this case in its May 16, 2019 opinion.  *See* Trial Court Opinion (TCO), 5/16/19, at 1-4.  Briefly, Appellants filed a complaint against Appellees on January 27, 2014, alleging claims of wrongful prosecution and conspiracy.  Those claims were premised on Appellees' reporting to police that John Neeld had assaulted Pasquale Mascaro during an ice hockey game, which resulted in charges being filed against Neeld.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Neeld was ultimately acquitted of those criminal charges following a non-jury trial, and he and his wife then filed the civil complaint against Appellees. At the close of the pleadings, Appellee Mascaro filed a motion for summary judgment. Appellee Schofield subsequently joined that motion. On April 12, 2019, the court entered **two** separate orders granting each Appellee's motion for summary judgment, and entering an individual judgment in each Appellee's favor. The orders were separately docketed, thus constituting two distinct judgments.

Appellants thereafter filed a **single** notice of appeal, stating that they were appealing from the "final orders entered April 12, 2019, … granting summary judgment in favor of defendants Pasquale Mascaro and Josh Schofield. The Orders have been reduced to judgment and entered in the docket as evidenced by the attached copy of the docket entry." Notice of Appeal, 4/12/19, at 1 (single page). Appellants complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed a Rule 1925(a) opinion on May 16, 2019. Herein, Appellants state three issues for our review:

> 1. Whether the trial court committed an error of law or abused its discretion determining that the evidence as set forth on the record failed to establish a jury question of whether the accusatory information provided by [Appellees] to law enforcement official Detective Patrick Haines of the Upper Providence Township Police Department was the product of a knowing and deliberate falsehood.
>
> 2. Whether the trial court committed an error of law or abused its discretion determining that the evidence as set forth on the record failed to establish a jury question that Detective Patrick Haines of

- 2 -

the Upper Providence Township Police Department acted upon false information provided to him by [Appellees] and as a result commenced a prosecution against John Neeld.

3. Whether the trial court committed an error of law or abused its discretion determining that the evidence as set forth on the record failed to establish a jury question that [Appellees] instituted criminal proceedings against [John Neeld] — meaning that [Appellees] knowingly provided false statements to a law enforcement official or [Appellees'] desire to have proceedings initiated was the determining factor in the law enforcement official's decision to commence prosecution.

Appellants' Brief at 5.

Preliminarily, we must address Appellants' filing of a single notice of appeal from two separate judgments. Pennsylvania Rule of Appellate Procedure 341 governs appeals from final orders. The Official Note to that rule states, in pertinent part:

> A party needs to file only a single notice of appeal to secure review of prior non-final orders that are made final by the entry of a final order, *see* ***K.H. v. J.R.***, 826 A.2d 863, 870-71 (Pa. 2003) (following trial); ***Betz v. Pneumo Abex LLC***, 44 A.3d 27, 54 (Pa. 2012) (summary judgment). **Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed.** ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note (emphasis added).

In ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), our Supreme Court strictly construed the first part of the above-emphasized sentence, holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed. The failure to do so will

result in quashal of the appeal." *Id.* at 977. Given *Walker*, we must also strictly construe the second part of the above-emphasized portion of Rule 341's Official Note, which mandates separate notices of appeal where "one or more orders resolves issues … relating to more than one judgment…." Because here, there were two separate judgments entered pertaining to each individual Appellee, Appellants' filing one notice of appeal pertaining to both of those judgments was improper. Accordingly, we quash.[1]

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/31/20

---

[1] Nevertheless, even if we were not constrained to quash this appeal, we would affirm the court's orders entering summary judgment in Appellees' favors for the reasons set forth by the trial court in its well-reasoned decision. *See* TCO at 4-8.